**COOPER CAMERON CORPORATION,**
**Plaintiff–Appellant,**

v.

**KVAERNER OILFIELD PRODUCTS,**
**INC., Defendant–Cross–Appellant.**

**Nos. 01–1383, 01–1408.**

United States Court of Appeals,
Federal Circuit.

May 14, 2002.

Rehearing and Rehearing En Banc
Denied July 11, 2002.

John M. Delehanty, Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., of New York, NY, argued for plaintiff-appellant. Of counsel on the brief were William D. Belanger, and Geri L. Haight, Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., of Boston, MA.

Richard L. Stanley, Howrey Simon Arnold & White, LLP, of Houston, TX, argued for defendant-cross appellant. With him on the brief were John F. Lynch, Stephen H. Cagle, John R. Keville, and Ira D. Finkelstein.

Before MAYER, Chief Judge, LOURIE and SCHALL, Circuit Judges.

LOURIE, Circuit Judge.

Cooper Cameron Corporation appeals from the decision of the United States District Court for the Southern District of Texas granting Kvaerner Oilfield Products, Inc.'s motion for summary judgment of noninfringement of claim 10 of Cooper's U.S. Patent 5,544,707 and its motion for summary judgment that the asserted claims of Cooper's U.S. Patent 6,039,119 are invalid for inadequate written description under 35 U.S.C. § 112, ¶ 1. *Cooper Cameron Corp. v. Kvaerner Oilfield Prods., Inc.*, No. H–97–0155, slip op. (S.D.Tex. Apr. 16, 2001) (*"Cooper I"*). Kvaerner cross-appeals from the court's grant of Cooper's motion for summary judgment holding that certain documents did not qualify as "printed publications" under 35 U.S.C. § 102. Because Kvaerner's accused wellhead device does not infringe the '707 patent under the doctrine of equivalents as a matter of law, we affirm on that issue. We conclude, however, that the court erred in its determination that the '119 patent claims are invalid for lack of written description and we therefore reverse the court's grant of summary judgment on that issue. We also reverse the court's grant of summary judgment that the asserted references are not "printed publications" within the meaning of 35 U.S.C. § 102.

## BACKGROUND

Cooper is the assignee of the '707 and '119 patents, which are directed to subsea wellheads having a horizontal spool tree

arrangement that protects the integrity of the well during "workover" activities for repair and maintenance. *Cooper I* at 2. The '707 patent issued first, on August 13, 1996. Claim 10 of that patent recites "[a] wellhead comprising ... a workover port extending laterally through the wall of the spool tree from *between the two plugs*." '707 patent, col. 9, l. 34—col. 10, ll. 4–5

(emphasis added). Cooper amended claim 10 during prosecution by incorporating a number of limitations from other claims. *Cooper I* at 5.

Cooper also filed a continuation application on the wellhead invention, which issued as the '119 patent on March 21, 2000. *Id.* Figure 7 of that patent is reproduced below.

U.S. Patent Mar. 21, 2000 Sheet 11 of 16 6,039,119

FIG.7

It shows the position of the plugs 66 and 69, as well as the workover port 73 "which extends through the wall of the spool tree to the void between the plugs 69 and 66." '119 patent, col. 7, ll. 2–4. Claim 1 is representative of the *different claim scope* of that patent and is directed to a wellhead assembly comprising, *inter alia,* "a workover port extending through said wall of said spool tree for selective fluid circulation with that portion of said common passageway *below the BOP bore and above said tubing hanger* ...." *Id.* at col. 8, ll.

19–22 (emphasis added). The "tubing hanger" is denoted as item 54. *Id.* at col. 6, l. 30. Significantly, the workover port is no longer required to be "between the two plugs," as it is in claim 10 of the '707 patent.

Kvaerner manufactures and sells a "Side Valve Tree" device that has a workover port placed above both "plugs," as that term is used in claim 10, but not between the two plugs. *Cooper I* at 4. Cooper sued Kvaerner for infringement of claim 10 of

the '707 patent under the doctrine of equivalents. *Id.* After the '119 patent issued, Cooper amended its complaint to include an allegation of literal infringement of claims 1, 3, 6, 7, 14, 16, 24, 29, and 31 of that patent.

In its defense, Kvaerner asserted that written reports by Subsea Intervention Systems Ltd. ("SISL") anticipated the claims of both the '707 and '119 patents. Cooper moved for summary judgment that those references were not "printed publications" for purposes of 35 U.S.C. § 102. The court granted that motion, determining that the reports were not generally available or were not prior art. *Cooper Cameron Corp. v. Kvaerner Oilfield Prods., Inc.,* No. H–97–0155, slip op. at 20–23 (S.D.Tex. Feb. 19, 1999) (memorandum opinion and order) ("*Cooper II* ").

Kvaerner also moved for summary judgment of noninfringement of the '707 patent, which the court granted. It determined that Cooper was foreclosed from asserting infringement by equivalence due to the amendments it made to claim 10 of the '707 patent during prosecution pursuant to this court's decision in *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.,* 234 F.3d 558, 56 USPQ2d 1865 (Fed.Cir. 2000) (en banc), *cert. granted,* 533 U.S. 915, 121 S.Ct. 2519, 150 L.Ed.2d 692 (2001). *Cooper I* at 6, 17. As an alternative basis for its holding, it concluded that the "all-elements" rule foreclosed infringement under the doctrine of equivalents because Kvaerner's accused device had a workover port connecting to the spool tree "above" the two plugs, which could not be "between" the two plugs as a matter of law. *Id.* at 18–19.

Kvaerner additionally moved for partial summary judgment that the asserted claims of the '119 patent are invalid for failure to meet the written description requirement of 35 U.S.C. § 112, ¶ 1. The district court granted this motion, conclud-ing that the claims are not supported by the description in the parent European patent application 92/305,014, filed on June 1, 1992, and thus could not claim the benefit of that filing date. *Cooper I* at 20. The court determined that the original disclosure only referred to the workover port as being located between the two plugs and thus did not support claims having the workover port in a location other than between the two plugs. *Id.* at 23. As Cooper conceded that the challenged claims in the '119 patent would be invalid if they did not relate back to the June 1, 1992 filing date, the court concluded that claims 1, 3, 6, 7, 14, 16, 24, 29, and 31 of that patent were invalid. *Id.* at 24. Cooper timely appealed to this court; we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). We review a district court's grant of a motion for summary judgment *de novo. Ethicon Endo–Surgery, Inc. v. United States Surgical Corp.,* 149 F.3d 1309, 1315, 47 USPQ2d 1272, 1275 (Fed.Cir.1998).

 A determination of infringement, whether literal or under the doctrine of equivalents, is a question of fact. *Bai v. L & L Wings, Inc.,* 160 F.3d 1350, 1353, 48 USPQ2d 1674, 1676 (Fed.Cir.1998). Infringement under the doctrine of equiva-

lents may be limited by two legal doctrines relevant to this appeal: prosecution history estoppel and the "all-elements or, more preferably, the all-limitations rule." *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39 n. 8, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997). Whether claims are properly supported by the written description is a question of fact. *Vas–Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563, 19 USPQ2d 1111, 1116 (Fed.Cir.1991). Whether an asserted anticipatory document qualifies as a "printed publication" under § 102 is a legal conclusion based on underlying factual determinations. *N. Telecom, Inc. v. Datapoint Corp.*, 908 F.2d 931, 936, 15 USPQ2d 1321, 1325 (Fed.Cir.1990).

On appeal, Cooper argues that *Festo* does not preclude application of the doctrine of equivalents to the '707 patent because it did not amend the "workover port" limitation of claim 10 during prosecution. Similarly, Cooper asserts that the court misapplied the all-limitations rule, arguing that the "workover port" limitation is not vitiated under a proper analysis of the rule because Kvaerner's accused device has a workover port. With respect to the '119 patent, Cooper argues that the original disclosure and the drawings describe a workover port that terminates below the BOP bore and above the tubing hanger. In particular, it asserts that the location of the plugs is irrelevant during the workover operation, and thus the "between the two plugs" limitation is not an "essential element" of the invention that must be included in the claims pursuant to this court's decision in *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 45 USPQ2d 1498 (Fed.Cir.1998).

Kvaerner responds that *Festo* does apply because Cooper amended what became claim 10 by adding limitations to that claim for reasons relating to patentability. Kvaerner also argues that the court properly applied the all-limitations rule to fore-

close infringement by equivalents to the "between the two plugs" limitation because "between" expressly excludes "above." Kvaerner also argues that the court properly invalidated the relevant claims of the '119 patent because the patent never described the workover port in any location other than between the two plugs.

In the event that we do not affirm the district court on both the infringement and validity issues, Kvaerner cross-appeals from the district court's decision that the SISL documents do not qualify as prior art. Kvaerner argues that it presented genuine issues of material fact that the SISL reports were available to members of the interested public during the relevant time period, and that the business context of the reports indicates that their contents were meant to be disseminated. Cooper responds that distribution of the reports was effectively limited to SISL joint venture members.

## A. *Infringement*

■ We agree with Kvaerner that the district court did not err in granting summary judgment of noninfringement of claim 10 of the '707 patent under the doctrine of equivalents. The Supreme Court in *Warner–Jenkinson* ratified this court's practice of considering that

> [e]ach element contained in a claim is deemed material to defining the scope of the patented invention, and thus the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole. It is important to ensure that the application of the doctrine, even as to an individual element, is not allowed such broad play as to effectively eliminate that element in its entirety.

520 U.S. at 29, 117 S.Ct. 1040. More recently, in *Moore U.S.A., Inc. v. Standard Register Co.*, 229 F.3d 1091, 1094, 56 USPQ2d 1225, 1235–36 (Fed.Cir.2000), we

held that a claim to a mailing form requiring that strips of adhesive extend to "the majority" of the lengths of longitudinal margin portions could not be met equivalently by an accused device with strips of adhesive that extended to only 47.8% of the length of the margin because a "minority" could not be a "majority" as a matter of law. Similarly, the workover port in Kvaerner's accused device enters the wellhead assembly "above" the two plugs, which cannot be equivalent to a connection "between the two plugs." Were we to ignore Cooper's decision to claim in the '707 patent a workover port that connects to the assembly only "between" the plugs, we would vitiate that limitation and thereby run afoul of the all-limitations rule. Moreover, we are not persuaded by Cooper's arguments that the court should have defined the relevant limitation for purposes of the all-limitations rule as the "workover port," which is in fact present in Kvaerner's device, although admittedly not at the claimed location between the two plugs. Cooper cannot escape application of the all-limitations rule by recharacterizing its claim so as to ignore a material limitation. We therefore conclude that the district court properly granted summary judgment of noninfringement. We need not review the district court's alternative basis for that judgment, viz., prosecution history estoppel under *Festo*.

B. *Invalidity under 35 U.S.C. § 112, ¶ 1*

■ We agree with Cooper, however, that the district court erred in granting summary judgment that the asserted claims of the '119 patent are invalid for failure to meet the written description requirement. In *Vas–Cath*, we held that "under proper circumstances, drawings alone may provide a 'written description' of an invention as required by § 112." 935 F.2d at 1565, 19 USPQ2d at 1118. Drawings constitute an adequate description if they describe what is claimed and convey to those of skill in the art that the patentee actually invented what is claimed. *Id.* at 1566, 935 F.2d 1555, 19 USPQ2d at 1119. In *Vas–Cath*, we reversed the district court's grant of summary judgment of invalidity of claims to a double lumen catheter having a combination of features. In particular, we disagreed with the court's statement that one could not tell from the drawings what combination of the disclosed features constituted "the invention" because "[t]hat combination invention is what the [patent's] drawings show." *Id.* at 1565, 935 F.2d 1555, 19 USPQ2d at 1118. The court's concern with "what the invention is" was misplaced, we explained, because there is no "legally recognizable or protected 'essential' element, 'gist' or 'heart' of the invention in a combination patent." *Id.* (quoting *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 345, 81 S.Ct. 599, 5 L.Ed.2d 592 (1961)).

Similarly, the '119 patent, which the parties agree shares an identical written description with the '707 patent and the original European patent application from which priority is claimed, depicts a wellhead assembly having a workover port 73 entering the assembly at the location claimed, viz., above the tubing hanger 54 and below the BOP bore at the top of the figure. *See, e.g.,* '119 patent, Figure 7. As in *Vas–Cath*, the invention shown in the drawing is the invention claimed. Although the specification also describes an arrangement that may be claimed in another way (*i.e.*, "between the plugs"), and explains why the invention functions well when arranged accordingly, the specification is not limited to that particular description. An inventor is entitled to claim his invention in more than one way. Cooper's expert explained that the statement that the "workover port extends laterally through the wall of the spool tree from between the two plugs," '119 patent, col. 4, ll. 11–13, "clearly teaches that the impor-

tant feature is that the workover port extends laterally through the wall above the lower plug which is in the top of the tubing hanger." Examination of Figure 7 shows that it clearly provides a written description of the arrangement as it is depicted and claimed in the '119 patent. No reasonable fact-finder could conclude otherwise.

We are not persuaded by Kvaerner's arguments, relying on *Gentry*, that it is essential to the invention for the workover port to enter the assembly "between the two plugs" and that claims reciting a location other than "between the two plugs" are therefore invalid for inadequate description. In *Gentry*, the original disclosure identified the console of a sectional sofa as the only possible location for the controls. 134 F.3d at 1479, 45 USPQ2d at 1503. We held that the asserted claims were invalid because the location of the recliner controls in the claims was not limited to the console. *Id.* at 1479–80, 45 USPQ2d at 1503–04. In reaching that conclusion, we stated: "[I]t is clear that [the inventor] considered the location of the recliner controls on the console to be an essential element of his invention. Accordingly, his original disclosure serves to limit the permissible breadth of his after-drafted claims." *Id.* In so stating, we did not announce a new "essential element" test mandating an inquiry into what an inventor considers to be essential to his invention and requiring that the claims incorporate those elements. Use of particular language explaining a decision does not necessarily create a new legal test. Rather, in *Gentry*, we applied and merely expounded upon the unremarkable proposition that a broad claim is invalid when the entirety of the specification clearly indicates that the invention is of a much narrower scope. *Id.* ("[C]laims may be no broader than the supporting disclosure."). There was no description or support whatever in the *Gentry* patent of the controls

being other than on the console. In contrast, in this case, Cooper's claims to the location of the workover port in the '119 patent are supported by the figures showing that the workover port is in fact above the tubing hanger and below the BOP bore. *See, e.g.,* '119 patent, Figure 7.

We are also not persuaded by Kvaerner's arguments that the claims are invalid for inadequate description because the specification does not indicate that the workover port may be claimed by reference to the position of the tubing hanger and BOP bore. The drawing does disclose a workover port above the tubing hanger. The fact that the same drawing also shows it between the plugs does not vitiate its disclosure above the tubing hanger. Both descriptions are supported by the same drawing. Because no reasonable fact-finder could find that Kvaerner demonstrated the invalidity of the '119 claims by clear and convincing evidence, we reverse the court's grant of summary judgment and conclude that the claims are not invalid for inadequate description as a matter of law.

## C. *Printed Publications*

■ We agree with Kvaerner that the court erred in granting summary judgment that the four SISL reports are not "printed publications" under § 102 because Kvaerner raised a genuine issue of material fact that the reports were sufficiently available to the public interested in the art at least before the priority date of the '707 and '119 patents (June 1, 1992), if not also before the critical date of those patents (June 1, 1991). The SISL joint venture released the Task 1000 and 2000 reports to its three members and six participants between late 1990 and the end of June 1992. Kvaerner submitted employee affidavits stating that those papers were not considered confidential and were distributed to interested parties, including outside contractors. SISL also submitted a second interim report to the Commission of Euro-

pean Communities in July 1991. The court thus improperly resolved questions of fact in Cooper's favor when it determined that the second report had not been distributed to SISL participants. Moreover, we disagree with the court's conclusion that the "confidential" label on that report removed it as an available prior art reference. As Kvaerner points out, the report contained only a single confidentiality notice relating to financial information on the fourth page of its 130 pages. That notice does not render the entire document inaccessible in light of evidence that the reports were available to participants who were allowed to share confidential data with others. These documents are therefore unlike those held not to qualify as prior art in *Northern Telecom,* as the documents in that case were not authorized for public release and were maintained under a policy of restricted access. *N. Telecom,* 908 F.2d at 936, 15 USPQ2d at 1325.

With respect to the final report bearing a date of March 1992, the district court also improperly resolved questions of fact in Cooper's favor in its determination that the report was not available until after June 29, 1992. The presence of the earlier date on the report indicates that it may have been available as of that date and would thus qualify as prior art under § 102(a).

Finally, on remand the district court should take into consideration that reports need only be accessible to the interested public, *Mass. Inst. of Tech. v. AB Fortia,* 774 F.2d 1104, 1109, 227 USPQ 428, 432 (Fed.Cir.1985), which in this case may be the very entities who had access to the documents: SISL joint venture members, participants, and their contractors and licensees. This does not appear to be a case in which documents shared with joint venture members are maintained in confidence. Here, those with access to the documents were asserted to be a significant portion of the interested public. Moreover, Kvaerner presented evidence that any other interested persons exercising reasonable diligence could have sought information concerning horizontal tree subsea well designs from SISL, much if not all of which information was available without restriction. However, those are matters the district court should resolve on remand.

Because we conclude that Cooper is foreclosed by the all-limitations rule from asserting infringement under the doctrine of equivalents, we affirm the court's grant of summary judgment of noninfringement of claim 10 of the '707 patent. However, the court erred in granting summary judgment on Kvaerner's motion that the asserted '119 claims are invalid for inadequate description and in granting Cooper's motion that the SISL reports do not qualify as prior art with respect to both the '707 and '119 patents. Accordingly, we

*AFFIRM–IN–PART* and *REVERSE–IN–PART.*