NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VENKAT KONDA,**
*Appellant*

**v.**

**FLEX LOGIX TECHNOLOGIES, INC.,**
*Appellee*

---

2022-1162, 2022-1163

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2020-00260, IPR2020-00261.

---

Decided:  May 6, 2022

---

VENKAT KONDA, San Jose, CA, pro se.

NAVEEN MODI, Paul Hastings LLP, Washington, DC, for appellee.  Also represented by STEPHEN BLAKE KINNAIRD, JOSEPH PALYS; PAUL ANDERSON, Houston, TX.

---

Before TARANTO, CLEVENGER, and CHEN, *Circuit Judges*.

PER CURIAM.

Venkat Konda owns U.S. Patent No. 8,269,523, titled "VLSI Layouts of Fully Connected Generalized Networks." SAppx. 49. Flex Logix Technologies, Inc. challenged various claims of the '523 patent in two inter partes reviews in the Patent and Trademark Office (PTO). For all challenged claims, Flex Logix asserted unpatentability based on the teachings of a provisional application filed by Konda, which, Flex Logix argued, was public prior art because it was incorporated by reference into a public, prior-art application filed publicly by Konda pursuant to the Patent Cooperation Treaty (PCT). The PTO's Patent Trial and Appeal Board, in its consolidated final written decision in the reviews it instituted, ruled, in agreement with Flex Logix, that the provisional application and PCT application were public prior art that rendered all challenged claims unpatentable for either anticipation or obviousness. *Flex Logix Technologies, Inc. v. Konda*, Nos. IPR2020-00260, IPR2020-00261, 2021 WL 3265741 (P.T.A.B. July 29, 2021).

Mr. Konda appeals, presenting only the issue of whether the provisional application (containing essential relied-on teachings) was public. Specifically, he contends that the PTO keeps provisional applications confidential, that he did not waive the confidential status, and that the provisional application therefore was not publicly available and could not be prior art. We reject Mr. Konda's contention, and we therefore affirm the Board's decision.

I

The '523 patent, one of many patents Mr. Konda has sought and obtained, issued from U.S. Patent Application Serial No. 12/601,275, which was filed on November 22, 2009, as the national phase entry of PCT Application No. PCT/US2008/064605 ('605 PCT), itself filed eighteen months earlier, on May 22, 2008. The '275 application claims priority back to Provisional Application No. 60/940,394 ('394 provisional), filed on May 25, 2007.

In December 2019, Flex Logix filed two petitions for inter partes reviews—one addressing claims 1, 15–18, 20–22, 32, and 47 of the '523 patent, the other addressing claims 2–7 and 11. In its petitions, Flex Logix argued that the earliest effective filing date of the '523 patent was the filing date of the '275 application itself, November 22, 2009. Specifically, Flex Logix argued that the chain of priority could not reach back further under 35 U.S.C. § 120 to the '605 PCT (2008) and the '394 provisional (2007) because the claims of the '523 patent were not sufficiently supported by those two earlier filings under the standards of § 120. Because the Board eventually agreed with that argument and determined that the '523 patent's effective date is November 22, 2009, *Flex Logic*, 2021 WL 3265741, at *8, and Mr. Konda does not challenge that determination on appeal, we hereafter treat the November 22, 2009 effective date as settled.

Based on that effective date, Flex Logix argued in its petitions that one of Mr. Konda's earlier patent applications, PCT Publication No. WO 2008/109756 A1 ('756 PCT), which was published September 12, 2008, is prior art and disclosed or suggested the limitations of every challenged claim. The '756 PCT expressly incorporates the entirety of the '394 provisional by reference. '756 PCT, p. 2, lines 14–17. Flex Logix's unpatentability arguments depended in part on the '394 provisional incorporated into the '756 PCT.

In response, Mr. Konda argued, among other things, that the '394 provisional could not be prior art because unpublished provisional applications are kept in confidence by the Office in the absence of the applicant's consent and he had never consented to making it available to the public. Mr. Konda relied on a portion of 37 C.F.R. § 1.14(a)(1)(vi) stating that: "The Office will not provide access to the paper file of a pending application, except as provided in paragraph (c) . . . of this section." Paragraph (c) provides that a person may access a pending application if the inventor,

or other authorized person, provides written authorization. 37 C.F.R. § 1.14(c).

In July 2021, the Board issued a final written decision and held all challenged claims unpatentable. *Flex Logix*, 2021 WL 3265741, at \*1. The Board, after determining that the effective filing date of the '523 patent is November 22, 2009, held that the '756 PCT, published more than a year earlier (September 12, 2008), was prior art under 35 U.S.C. § 102(b) (pre-America Invents Act version). *Id.* at \*8. As the '756 PCT incorporates by reference the entirety of the '394 provisional, the Board determined that "the '394 Provisional became publicly available as of the date the '756 PCT published." *Id.* at \*9. "Therefore, the '394 Provisional is prior art by virtue of the fact that it became publicly available due to its incorporation into the '756 PCT, and in addition is prior art because it is part of the '756 PCT itself." *Id.*

The Board rejected Mr. Konda's argument based on 37 C.F.R. § 1.14(a)(1)(vi) and (c) that the '394 provisional was not available to the public. Section 1.14(a)(1)(vi) provides:

> A copy of the application as originally filed of an unpublished pending application may be provided to any person, upon written request and payment of the appropriate fee (§ 1.19(b)), if the application is incorporated by reference or otherwise identified in . . . an international publication of an international application under PCT Article 21(2) . . . . The Office will not provide access to the paper file of a pending application, except as provided in paragraph (c) or (i) of this section.

The Board explained that the last sentence of § 1.14(a)(1)(vi)—on which Mr. Konda relied—is directed solely to the file history, *i.e.*, paper file, of the unpublished application and does not preclude access to the application itself, which, under the preceding sentence, is public if incorporated in a PCT application. *Flex Logix*, 2021 WL

3265741, at *9.  The Board then determined that the '756 PCT, including the incorporated '394 provisional, disclosed or suggested all limitations of the challenged claims. *Id.* at *9–13.

The Board subsequently denied Mr. Konda's requests for rehearing.  It reiterated that under 37 C.F.R. § 1.14(a)(1)(vi), a person who makes a written request and pays the appropriate fee "may be provided" "[a] copy of the application as originally filed" of a provisional application like the '394 provisional.  SAppx. 39 (quoting 37 C.F.R. § 1.14(a)(1)(vi)).  The Board also noted that the Manual of Patent Examining Procedure (MPEP) reflected this principle.  *Id.* (quoting MPEP § 103(III) (8th ed., Rev. 7, July 2008)).  The Board concluded that a copy of the '394 provisional "as originally filed" became available as of the publication of the '756 PCT, regardless of Mr. Konda's personal consent.  SAppx. 39–40.

Mr. Konda timely appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## II

We review the Board's legal conclusions de novo and its factual determinations for substantial-evidence support. *In re Lister*, 583 F.3d 1307, 1311 (Fed. Cir. 2009). "Whether an asserted anticipatory document qualifies as a 'printed publication' under [35 U.S.C.] § 102 is a legal conclusion based on underlying factual determinations." *Id.* (quoting *Cooper Cameron Corp. v. Kvaerner Oilfield Prods., Inc.*, 291 F.3d 1317, 1321 (Fed. Cir. 2002)).  A "printed publication" under the applicable version of § 102(b) must have been publicly available at the pertinent time, and that requirement is met if the document was "disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, [could have] locate[d] it." *Kyocera Wireless Corp. v. Int'l. Trade Comm'n*, 545 F.3d 1340, 1350 (Fed. Cir. 2008) (quoting *SRI Int'l, Inc. v.*

*Internet Security Systems, Inc.*, 511 F.3d 1186, 1194 (Fed. Cir. 2008)).

On appeal, Mr. Konda challenges only the Board's determination that the '394 provisional was publicly available, citing 35 U.S.C. § 122, 37 C.F.R. §1.14(a)(1)(vi) and (c), and MPEP § 103(VII). Appellant Inf. Br. 2–3. With regard to the statute, he has not meaningfully argued in this court, and did not meaningfully argue to the Board, that the regulation is unauthorized by or contrary to 35 U.S.C. § 122. And we agree with the Board that the regulation is determinative and that it made the '394 provisional accessible to the public.

Section 1.14(a) of 37 C.F.R., quoted above, provides that a person may, upon written request and payment of a fee, have access to a copy of an unpublished pending application "as originally filed" if that unpublished pending application was incorporated by reference into an international patent application published in accordance with PCT Article 21(2). It is undisputed that the '756 PCT was such an international patent application and that it incorporated the '394 provisional by reference. That language clearly supports the Board's conclusion here that the '394 provisional was publicly accessible. And a contrary result is not supported by the next sentence of the regulation (on which Mr. Konda relies). That sentence provides that an inventor's written authorization is required for provision of access to the "paper file," but the regulation clearly distinguishes the "paper file" (*i.e.*, the whole file history) from the "application as originally filed." Under the language of § 1.14(a)(1)(vi), therefore, the '394 provisional *as originally filed* was accessible without Mr. Konda's written authorization in the incorporation-by-reference circumstance delineated, while the complete file history was not.

For similar reasons, Mr. Konda's reliance on the MPEP is unavailing. Mr. Konda relies on language in MPEP § 103(VII) which, at the time the '756 PCT was published,

stated that access to provisional applications "will only be given to parties with written authority from a named inventor, the assignee of record, or the attorney or agent of record." MPEP § 103(VII) (8th ed., Rev. 7, July 2008). As an initial matter, however, the MPEP "does not have the force of law." *Natural Alternatives Int'l, Inc. v. Iancu*, 904 F.3d 1375, 1382 (Fed. Cir. 2018) (quoting *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1180 n.10 (Fed. Cir. 1995)). In any event, the cited MPEP section further stated that provisional applications were "also available in the same manner as any other application," MPEP § 103(VII) (8 ed., Rev. 7, July 2008), thereby permitting the access authorized under 37 C.F.R. § 1.14(a)(1)(vi). Indeed, the MPEP directly addressed § 1.14(a)(1)(vi), explaining that "the incorporation by reference of a pending application in a published international application published in accordance with PCT Article 21(2) constitutes special circumstances under 35 U.S.C. § 122 warranting that a copy of the application-as-filed be provided upon written request." MPEP § 103(III) (8th ed., Rev. 7, July 2008) (cleaned up). Under the MPEP, then, the '394 provisional application became publicly available when the '756 PCT was published.

Mr. Konda's remaining argument—that an employee at the Office "confirmed on the phone" that provisional applications are confidential without written authorization—was raised for the first time on rehearing to the Board and is therefore forfeited. *See* 37 C.F.R. § 42.71(d); SAppx. 376–77, 392–93. Mr. Konda does not dispute that, if the '394 provisional was publicly available, then the Board properly considered it as prior art.

### III

For the foregoing reasons, we affirm the Board's combined final written decision.

The parties shall bear their own costs.

### **AFFIRMED**