**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-60903

BAINE P. KERR; MILDRED C. KERR,

Petitioners-Appellees-Cross-Appellants,

VERSUS

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellant-Cross-Appellee.

Appeal from the Decision
of the United States Tax Court

June 10, 2002

Before DUHÉ, BARKSDALE, and DENNIS, Circuit Judges.

DUHÉ, Circuit Judge:

Today we consider the method for evaluating for gift tax purposes interests in a closely held family partnership. In valuing an interest in a closely-held partnership, a discount for lack of liquidity or marketability which would be generally appropriate may be inappropriate if the valuation is to determine tax owing on a gift of such interest. In establishing the valuation for gift tax purposes, the Internal Revenue Code disregards certain "applicable restrictions" on liquidation in a partnership agreement if the gift is made to a family member.

I.R.C. § 2704(b).

In this case involving intra-family gifts of partnership interests, the taxpayers challenge noticed gift tax deficiencies based on the Commissioner's position that Code § 2704(b) barred them from applying a marketability discount to the values of the interests they transferred. The Tax Court ruled summarily for the taxpayers, holding that the special rule in § 2704(b) did not bar their marketability discounts.

The Commissioner now appeals the Tax Court's decision, arguing that certain partnership agreement restrictions were "applicable restrictions" on liquidation within the meaning of § 2704(b) and should be disregarded, thus precluding a marketability discount in valuing the gifts. Taxpayers cross appeal the court's determination that certain transferred interests should be considered partnership interests. Because the undisputed facts lead us to conclude that the restrictions in the partnership agreements were not "applicable restrictions" within the meaning of § 2704(b), we affirm.

## I.  BACKGROUND

To make gifts to their children, Baine P. Kerr and Mildred C. Kerr ("taxpayers") created two family limited partnerships in 1993, the Kerr Family Limited Partnership (KFLP) and Kerr Interests, Ltd. (KIL), pursuant to the Texas Revised Limited Partnership Act.[1]

---

[1]  See Tex. Rev. Civ. Stat. Ann. art. 6132a-1 (Vernon Supp. 2002).

Taxpayers made capital contributions to KFLP and KIL. The interests were allocated so that in KFLP, taxpayers and their children were general partners; taxpayers were also Class A and Class B limited partners.[2] In KIL, KFLP was the general partner; taxpayers were Class A limited partners; and KFLP, taxpayers, and their children were Class B limited partners.

In June 1994 taxpayers transferred Class A limited partnership interests in KFLP and KIL to the University of Texas (UT). In December 1994, the KIL partnership agreement was amended to admit UT as a Class A limited partner.

A.   The Transfers at Issue.

In December 1994 and December 1995, taxpayers each donated Class B partnership interests in KIL to their children. These are the first transfers at issue.

In December 1994, taxpayers each created an irrevocable Grantor Retained Annuity Trust (GRAT) to which each grantor transferred assets retaining a right to receive a fixed annuity for a term of years. Each taxpayer was the sole trustee of his GRAT, and their children and grandchildren were the beneficiaries of the remainder interests via generation-skipping transfer trusts, called the Kerr Issue GST Trusts. Each taxpayer contributed a Class B interest in KFLP to his GRAT. These transfers by taxpayers of

_____

   [2]  In both KFLP and KIL, Class A limited partners are entitled to a guaranteed annual return. General partners and Class B limited partners are entitled to any profits remaining after distributions to the Class A interests.

interests in KFLP to their GRATs are the second transfers at issue.

In exchange for the contribution of a Class B interest in KFLP to his GRAT, each taxpayer received an annuity with a present value of 95% of the value of that interest. The annuity payments were due in two installments:  the first on the day after the creation of the GRATs, and the second a year and a day later.  Neither of the annuity payments was made. Instead, on each payment date, the trustees executed demand notes to taxpayers in the amounts of the annuity payments then due.

A year and a day after their creation, the GRATs terminated. The remaining assets and liabilities (including the demand notes) passed to the Kerr Issue GST Trusts.  In February 1998, taxpayers forgave the demand notes, then a liability of the Kerr Issue GST Trusts, subject to the condition that those trusts pay the resulting gift taxes.

B.  Taxpayers' valuation.

On their 1994 and 1995 gift tax returns, taxpayers reported all the transfers at issue.  Taxpayers reported valuations arrived at by applying marketability discounts reflecting the partnership agreements' restrictions on liquidation.  Further, they considered the KFLP interests transferred to the GRATs to be only assignee interests, not veritable partnership interests to which § 2704(b) might apply.[3]  Thus in valuing all those interests to determine tax

---

[3]  Taxpayers originally took this position with respect to all the transfers at issue, conceding later that the transfers to their

4

liability, taxpayers ignored § 2704(b) and applied marketability discounts.

C.  <u>The Commissioner's valuation</u>.

The Commissioner's notice of deficiency asserted that taxpayers' valuations of the transferred interests were understated. The Commissioner contended that both partnership agreements' restrictions on the right to liquidate constituted "applicable restrictions" within the meaning of Code § 2704(b). An "applicable restriction" on liquidation in a partnership agreement, to the extent that it is more restrictive than state partnership law, is disregarded under Code § 2704(b) in valuing the transferred interests. The Commissioner also contended that the KFLP interests assigned to the GRATs were equally subject to § 2704(b) because in truth they were partnership interests.

D.  <u>The Tax Court Proceedings</u>.

Taxpayers petitioned for redetermination in Tax Court. They moved for partial summary judgment, asserting that the special valuation rules of § 2704(b) were not applicable in valuing the KFLP interests transferred to the GRATs because those interests were assignee interests, not limited partnership interests at all. Further, even if the transferred interests were limited partnership interests, taxpayers contend that the restrictions in both partnership agreements were not "applicable restrictions" under §

children were gifts of actual partnership interests.

5

2704(b). Thus § 2704(b), which might otherwise require restrictions on liquidation to be disregarded for valuation purposes, would not bar taxpayers' use of marketability discounts.

The Tax Court ruled summarily for taxpayers. The Tax Court actually rejected taxpayers' argument about assignment, finding that the interests transferred to the GRATs indeed were partnership interests. The Court nevertheless held that the special valuation rule in § 2704(b) did not apply to any of the interests taxpayers transferred, because the partnership agreement restrictions are not "applicable restrictions." Because those restrictions were not disregarded, the taxpayers were allowed their marketability discounts off the values of the transferred interests. After that partial summary judgment, the parties stipulated the taxes that would be owing under the Tax Court's ruling, reserving their right to appeal the issues determined by the court.

The Commissioner appeals the determination that the restrictions are not applicable restrictions, and taxpayers cross-appeal on their alternative argument that the transferred KFLP interests are only assignee interests.

## II. ANALYSIS

### A. The Commissioner's Appeal: Applicable Restrictions or Not?

We first address the question whether the restrictions in the partnership agreements are "applicable restrictions" to be disregarded in valuing the transferred interests. We review de novo a valuation question turning on a pure question of law. See

6

Adams v. United States, 218 F.3d 383, 386 (5th Cir. 2000). Because the two partnership agreements are identical in all material respects, this question affects all the transfers at issue, those of interests in KIL to the children and KFLP to the GRATs.

The restrictions at issue are in § 9.02 and § 10.01 of the partnership agreements. Section 10.01 provides that the partnerships will dissolve and liquidate on the earlier of December 31, 2043, by agreement of all the partners, or on the occurrence of certain narrowly defined acts of dissolution. Section 9.02 states that no limited partner shall have the right to withdraw from the partnership before it dissolves and liquidates, and also provides a put right for Class B limited partners.

The three defining features of an "applicable restriction" pertinent to this appeal are that it a) effectively limits the ability of the partnership to liquidate, b) lapses or can be removed by the family after the transfer, and c) is more restrictive than State law. I.R.C. § 2704(b)(2)(A), (2)(B), & (3)(B); Treas. Reg. § 25.2704-2(b).[4]

---

[4] Section 2704(b)'s special valuation rule provides as follows:

**(1) In general**. – For purposes of this subtitle, if –
(**A**) there is a transfer of an interest in a corporation or partnership to (or for the benefit of) a member of the transferor's family, and

(**B**) the transferor and members of the transferor's family hold, immediately before the transfer, control of the entity,

7

Because all three features listed above are required, the absence of any one of them is dispositive.  We first address the question whether the restrictions lapse or can be removed by the family after the transfer.  Since lapsing is not a consideration, the only issue under § 2704((b)(2)(B) is removability.  The Tax

---

any applicable restriction shall be disregarded in determining the value of the transferred interest.

**(2) Applicable restriction**.  – For purposes of this subsection, the term "applicable restriction" means any restriction –

(**A**) which effectively limits the ability of the corporation or partnership to liquidate, and

(**B**) with respect to which either of the following applies:

(**i**) The restriction lapses, in whole or in part, after the transfer referred to (1).

(**ii**) The transferor or any member of the transferor's family, either alone or collectively, has the right after such transfer to remove, in whole or in part, the restriction.

(**3**) **Exceptions**.  – The term "applicable restriction" shall not include –

...

(**B**) any restriction imposed, or required to be imposed, by any Federal or State law.

The gift tax regulations, provide that an applicable restriction is a restriction on "the ability to liquidate the entity (in whole or in part) that is more restrictive than the limitations that would apply under the State law generally applicable to the entity in the absence of the restriction."  26 C.F.R. § 25.2704-2(b).

8

Court did not reach this issue.[5]  When reviewing an order granting summary judgment, this Court is not limited to the trial court's conclusion, but can affirm a trial court's judgment on any ground supported by the summary judgment record.  Cabrol v. Town of Youngsville, 106 F.3d 101, 105 (5th Cir. 1977); see also Hoyt R. Matise Co. v. Zurn, 754 F.2d 560, 565 n.5. (5th Cir. 1985) (applying similar rule for judgment entered in a bench trial).

The Commissioner argues that the restrictions in the agreements were removable by the family, because there is evidence that UT, the only non-family partner,[6] would not oppose their removal if proposed by the Kerr family.[7]  The parties hve stipulated that UT would convert its interests into cash as soon as possible, so long as it believed the transaction to be in its best interest and that it would receive fair market value for its interest.  The

---

[5]  It found that the restrictions on liquidation (§ 10.01) were not more restrictive than State law and that the restrictions on withdrawal of a limited partner (§ 9.02) are not "restrictions on liquidation."

[6]  The parties acknowledge that UT received a partnership interest in both partnerships.  The documents referenced in the briefs are an assignment by taxpayers of Class A limited partnership interests in KIL and KFLP to UT, and an amendment to the KIL partnership agreement admitting UT as a limited partner. Exs. 5-J and 9-J.  We do not concern ourselves with questions not raised in this appeal, such as whether the assignment conferred partner status on UT in KFLP.

[7]  These partnership agreements may be modified or waived "only by a writing signed by the party to be charged with such modification . . . or waiver."  Partnership Agreements § 11.08.  No one has questioned whether UT is "charged with" modification or waiver of the restrictions in the partnership agreements.

9

Commissioner argues that, because UT would have no reason to oppose their removal, the partnership restrictions should be treated as capable of being removed by the Kerr family after the transfers.

We disagree.  For a restriction to be considered removable by the family, the Code specifies that "[t]he transferor or any member of the transferor's family, either alone or collectively," must have the right to remove the restriction.  I.R.C. § 2704(b)(2)(B)(ii).  The Code provides no exception allowing us to disregard non-family partners who have stipulated their probable consent to a removal of the restriction.  The probable consent of UT, a non-family partner, cannot fulfill the requirement that the family be able to remove the restrictions on its own.

Our holding precludes the restrictions from falling within the definition of "applicable restrictions" because of § 2704(b)(2)(B). These partnership agreements contain restrictions both on liquidation of the entire partnership (§ 10.01) and on the right of a partner to withdraw from the partnership (§ 9.02) as noted above. We need not answer the question whether restrictions on a partner's right to withdraw should properly be considered a limitation on the ability to liquidate (under § 2704(b)(2)(A)).  Additionally, it matters not whether the restrictions are more restrictive than State law (under  § 2704(b)(3)(B) and the related regulation). Because those restrictions do not meet the removability requirement, they cannot fall within the definition of "applicable restrictions" regardless.

B.    The Cross Appeal: Assignee or Partnership Interests?

Taxpayers took a protective cross appeal from the Tax Court's determination that the KFLP interests transferred by them to their GRATs were partnership interests rather than assignee interests. Taxpayers' argument was that, if the interests transferred to the GRATs were assignee interests, then § 2704(b) would not apply since it affects only partnership interests.  We are today affirming the Tax Court's ruling that § 2704(b) does not apply to any of the transfers.   Our holding renders moot the question on the cross appeal whether the interests transferred to the GRATs were only assignee interests.

### III.  CONCLUSION

Because the restrictions in the partnership agreements are not "applicable restrictions" to be disregarded under § 2704(b), the special valuation rule in I.R.C. § 2704(b) does not apply to the valuations of the partnership interests transferred. The taxpayers' marketability discounts on the transferred interests are entirely appropriate.  The judgment of the Tax Court is

AFFIRMED.

11