**THE NAUTILUS GROUP, INC. f/k/a Direct Focus, Inc., a Washington corporation, Plaintiff,**

v.

**ICON HEALTH AND FITNESS, INC., a Delaware corporation, Defendant.**

**Icon Health And Fitness, Inc., a Delaware corporation, Counterclaimant,**

v.

**The Nautilus Group, Inc., a Washington corporation, Counterclaim Defendant.**

**No. C02–2420P.**

United States District Court, W.D. Washington, at Seattle.

Oct. 6, 2003.

Order Denying Reconsideration Oct. 21, 2003.

Gary Jan Strauss, Garvey Schubert Barer, Seattle, WA, Keith Dubanevich, Garvey Schubert Barer, Portland, OR, Mark S. Carlson, Paul T Meiklejohn, Dorsey & Whitney LLP, Seattle, WA, for Plaintiff/Counter Defendant.

Brent P Lorimer, L Rex Sears, Larry R Laycock, Robyn L Phillips, Sterling A Brennan, Thomas R Vuksinick, Workman Nydegger & Seeley, Salt Lake City, UT, J Lawrence Wright, Halverson & Applegate, Yakima, WA, Stephen J Kennedy, Ater Wynne, Seattle, WA, Stephen T Parkinson, Groff Murphy Trachtenberg & Everard, PLLC, Seattle, WA, for Defendant/Counter Claimant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NO INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS

PECHMAN, District Judge.

Before the Court is Defendant's Motion for Summary Judgment of No Infringement Under the Doctrine of Equivalents. (Dkt. No. 145.) After reviewing all the pleadings, including accompanying declarations and exhibits, and hearing oral argument, the Court GRANTS Defendant's motion for the reasons set forth below.

### BACKGROUND

Plaintiff The Nautilus Group, Inc. ("Nautilus") holds U.S. Patent Nos. 4,620,704 ("the '704 patent") and 4,725,057 ("the '057 patent") for the BowFlex exercise machine. Defendant Icon Health and Fitness ("Icon") makes the CrossBow exercise machine. Nautilus alleges that CrossBow infringes BowFlex's '704 and '057 patents. Both machines use a resilient rod technology to create a resistence training system. Nautilus' BowFlex has paired, vertically-mounted rods, with one end of each rod fixed to a base, and the other rod-end free and telescoping upwards. ('057 patent at 1–12.) Icon's CrossBow has horizontally-mounted rods with two free ends. (Phillips Decl., Ex. A.) The horizontal rods are rested or attached at their center to the "lat tower" of the CrossBow. (*Id.*)

On May 16, 2003, this Court issued an Order granting Icon's motion for summary judgment of literal non-infringement of Claims 1 and 12 of the '704 patent and Claims 1, 12, 19, and 25 of the '057 patent. (Dkt. No. 61). The Court construed the disputed term "mounted in a cantilevered fashion" in Claim 12 of the '057 patent to mean rods mounted on a base with one fixed end and one free end. Under this claim construction, there was no literal infringement because CrossBow has rods with two free ends. There was no literal infringement of the other claims because they all contain explicit limitations specifying that the rods are affixed on one end. In the May 16th order, the Court denied Nautilus' motion for summary judgment on this same issue and denied Nautilus' motion for a preliminary injunction. Icon now moves for summary judgment that the CrossBow does not infringe these same patent claims under the doctrine of equivalents.

### ANALYSIS

Rule 56(c) provides, in part, that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.

R.Civ.P. 56(c) (2003). Summary judgment is not warranted if a material issue of fact exists for trial. *Warren v. City of Carlsbad,* 58 F.3d 439, 441 (9th Cir.1995), *cert. denied,* 516 U.S. 1171, 116 S.Ct. 1261, 134 L.Ed.2d 209 (1996). The underlying facts are viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "Summary judgment will not lie if ... the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ An accused device may infringe a patent either literally or under the doctrine of equivalents. "Under this doctrine, a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." *Warner–Jenkinson Co., Inc. v. Hilton Davis Chemical Co.* 520 U.S. 17, 21, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997). *Warner–Jenkinson* firmly established the all-elements rule, also known as the all-limitations rule. *See Corning Glass Works v. Sumitomo Electric U.S.A., Inc.,* 868 F.2d 1251, 1259 (Fed.Cir.1989).

Infringement under the doctrine of equivalents exists only if the accused device contains an equivalent of each individual limitation in the claim. *Warner–Jenkinson,* 520 U.S. at 29, 117 S.Ct. 1040. The test for equivalence is whether the accused device performs substantially the same function, in substantially the same way, with substantially the same result as the protected device. *Id.* at 39–40, 117 S.Ct. 1040 (the "function-way-result test"). This is a question of fact. *United Sys. of Ark. v. Laser Substrates,* 31 Fed. Appx. 703, 706 (Fed.Cir.2002).

■ There are limitations, however, to the doctrine of equivalents. These limitations are questions of law appropriate for summary judgment. One such limit is the principle of vitiation, whereby applying the doctrine would broaden the meaning of the claim limitation so much that it would lose its effect and thereby render the limitation in the claim meaningless. "[I]f a theory of equivalence would entirely vitiate a particular claim element, partial or complete judgment should be rendered by the court, as there would be no further *material* issue for the jury to resolve." *Warner–Jenkinson,* 520 U.S. at 39 n. 8, 117 S.Ct. 1040 (emphasis in original). Thus, the principle of vitiation, if applicable, precludes reaching the factual function-way-result question under the doctrine of equivalents.

Because of the all-limitations rule, the threshold issue is properly identifying the limitations. Once properly identified, the Court then determines if the principle of vitiation applies to any of the limitations.

### I. The Limitations in the Claims.

It is undisputed that Claims 1 and 12 of the '704 patent and Claims 1, 19, and 25 of the '057 patent all include the limitation of having rods affixed on one end.[1] It is also

---

**1.** Claim 1 of the '704 patent states "a plurality

of resilient rods mounted on the base in a

undisputed for the purposes of this motion that CrossBow's rods are mounted at the center of the rods.[2] The parties disagree regarding the limitation in Claim 12 of the '057 patent.

■ Nautilus contends that only the express language in Claim 12's limitation should control in the analysis. Claim 12 states "a plurality for [sic] resilient rods mounted. on the base in a cantilevered fashion with one end of each of the rods being free ..." (Phillips Decl., Ex. C.) According to Nautilus, the "affixed on one end" concept is inapplicable to the doctrine of equivalents analysis for Claim 12 because the limitation does not include such language. (Nautilus's Mem. in Opp'n to Icon's Mot. for Summ. J. at 10–11.) Thus, it appears that Nautilus is arguing that this Court's prior claim construction has no authority in the doctrine of equivalents analysis. However, a court's "prior [claim] construction is [the] law of the case." *Ethicon Endo–Surgery, Inc. v. United States Surgical Corp.,* 149 F.3d 1309, 1315 (Fed.Cir.1998) (hereinafter *Ethicon* ). *See Texas Instruments, Inc. v. United States Int'l Trade Com.,* 805 F.2d 1558, 1562 (Fed.Cir.1986) ("Analysis of patent infringement entails two inquiries: determination of the scope of the claims, as a matter of law; and the factual finding of whether properly construed claims encompass the accused structure.... This analytical framework applies whether claims are asserted to be infringed literally or by application of the doctrine of equivalents").

In this Court's prior claim construction, the Court interpreted "mounted in a cantilevered fashion" in Claim 12 to mean "rods mounted on a base with one end fixed." Because the Court's prior claim construction is the law of the case, it should be given the same weight as the express language in the claim limitations. Therefore, for the purposes of this analysis, all six of the claims at issue contain limitations that describe BowFlex's rods as affixed on one end.

## II. Vitiation.

■ Icon argues that concluding that CrossBow's rod mount is equivalent to the claims limitations describing BowFlex's rod mount would vitiate the claims limitations. Such a result precludes infringement under the doctrine of equivalents as a matter of law. According to Icon, the "center," where CrossBow's rods are mounted, is the opposite of "end," which is where BowFlex's rods are mounted. These opposites cannot be deemed equivalent to each other without rendering the limitation of being affixed on one end

cantilevered fashion mounted on the base in a cantilevered fashion *with one end of each rod being secured in a fixed position* and the other end being free ...." Claim 12 of the '704 patent states "resilient arm means *having one end thereof attached to said base* and an opposite end extending vertically up from said base in a cantilevered fashion ...." (Phillips Decl., Ex. B (emphasis added).) Claim 1 of the '057 patent states "a resilient rod mounted on the base in a cantilevered fashion *with one end of the rod being secured in a fixed position* and the other end being free ...." Claim 19 of the '057 patent states "a plurality of vertically extending rods of resilient material mounted on the post in a cantilevered fashion *with the lower ends of the rods being*

*rigidly affixed to the post* and the upper ends of the rods being free ...." Claim 25 of the '057 patent states "a plurality of vertically extending rods of resilient material mounted on the post in a cantilevered fashion *with the lower ends of the rods being rigidly affixed to the post* and the upper ends of the rods being free ...." (Phillips Decl., Ex. C (emphasis added).)

2. Icon claims that the rods are not actually fixed. But for the purposes of this argument, Icon assumes *arguendo* that the rods are fixed. (Icon's Mot. for Summ. J. of No Infringement Under the Doctrine of Equivalents at 1 n. 2.)

meaningless. In other words, such a result would vitiate the "affixed on one end" limitation in the six claims.

If the relevant physical characteristic in the accused device is "inconsistent with the language of the claim," then the doctrine of equivalents *cannot* apply. *Ethicon*, 149 F.3d at 1317. "[B]y defining the claim in a way that clearly exclude[s] certain subject matter, the patent implicitly disclaim[s] the subject matter that was excluded and thereby bar[s] the patentee from asserting infringement under the doctrine of equivalents." *SciMed Life Systems, Inc. v. Advanced Cardiovascular Systems, Inc.*, 242 F.3d 1337, 1346 (Fed. Cir.2001). An example of inconsistency with the claim language is when the accused device has a physical characteristic that is the opposite of the characteristic described in the claim limitation. In *Moore U.S.A., Inc. v. Standard Register Co.*, the claim limitation described an adhesive strip on an envelope as covering the majority of the length of the envelope. 229 F.3d 1091, 1095 (Fed.Cir.2000). The accused devise had an adhesive strip that covered only 47.8% of the length of the envelope. The court held that the vitiation principle precluded finding that there was infringement under the doctrine of equivalents because "[i]f a minority [47.8%] could be equivalent to a majority, this limitation would hardly be necessary.... [I]t would defy logic to conclude that a minority—the very antithesis of a majority—could be insubstantially different from a claim limitation requiring a majority, and no reasonable juror could find otherwise." *Id.* at 1106.

All of the claims at issue here contain limitations, either expressly or by claim construction, that refer to rods mounted or affixed on one end. In contrast, the CrossBow rods are mounted at the center of the rods. In response to Icon's opposites argument, Nautilus suggests that "end" is not limited to the tip or terminal point, but can also mean "the other side" or "the other part" of the rods. (Nautilus' Memo. in Opp'n to Icon's Mot. for Summ. J. at 2 n1.) However, whether the location at which the BowFlex rod is mounted is the terminal point or "the other side" of the rods, that location must be somewhere between the terminal point and the center for the "end" to retain any meaning. "Center" is equidistance from either end; it cannot not be on or towards either end. As such, "end" cannot by definition be equivalent to "center." The terms "end" and "center" are mutually exclusive. As in *Moore*, such opposites cannot be deemed equivalent without vitiating the "affixed on one end" limitation.

Moreover, CrossBow's center mounted rod is inconsistent with the language in the claims limitations. Five of the claims specifically limit themselves to rods that are mounted or affixed at one end. Claim 12 has been construed to mean having "one end fixed." Thus, anything other than mounting or affixing on one end is specifically excluded. *See Fin Control Systems Pty, Ltd. v. OAM, Inc.*, 265 F.3d 1311, 1320–21 (Fed.Cir.2001) (holding that the claim limitation referring to a "lateral" engagement for a surfboard patent necessarily excluded front or rear engagement, and therefore there could be no infringement under the doctrine of equivalents), *Cooper Cameron Corp. v. Kvaerner Oilfield Products*, 291 F.3d 1317, 1322 (Fed. Cir.2002) (holding that applying the doctrine of equivalents to a claim limitation describing an entrance point located "between the two plugs," when the entrance point on the accused device was located "above" the plugs, would "vitiate the limitation and thereby run afoul of the all-limitations rule"). As in *Fin Control Systems* and *Cooper Cameron*, concluding that a rod "affixed on one end" is equivalent to a rod affixed at the center would eviscer-

ate the limitation that the rod be affixed on one end. No reasonable jury could find that a center mount is consistent with the language in the limitation referring to a rod affixed on one end. Consequently, there cannot be infringement under the doctrine of equivalents as a matter of law.

Nautilus argues that a person of ordinary skill in the art would have known that mounting the rod at the center is equivalent to mounting the rod at an end. (Nautilus' Opp. to Icon's Mot. for Summ. J. at 11.) Therefore, according to Nautilus, the equivalents analysis should not compare the exact location that the rods are mounted or affixed. Rather, the analysis should compare whether "one of ordinary skill in the art would know that the manner in which the CrossBow rods are mounted performs substantially the same function in substantially the same way to reach substantially the same result as that claimed." Nautilus relies on *Hilton Davis Chemical Co. v. Warner–Jenkinson Co., Inc.* for this proposition. 114 F.3d 1161 (Fed.Cir.1997) *remanded from Warner– Jenkinson Co., Inc. v. Hilton Davis Chemical Co.* 520 U.S. 17, 21, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997). *Hilton* held that applying the doctrine of equivalents to an accused device with a pH of 5 compared to the protected device with a claim limitation pH range of 6 to 9 does not vitiate the limitation in the claim, even though there is nothing written in the claim to indicate that the patent extends beyond the 6 to 9 range. *Id.* at 1164. *Hilton's* holding was based on evidence in the record that a person of ordinary skill in the art would know that a pH 5 would satisfy the function-way-result test of equivalence. *Id.* Here, however, the all-limitations rule and the fact that all of the claims limitations refer to rods affixed on one end require that the location of mounting be the basis of the equivalency comparison. As discussed above, they are opposites in this

regard. Deeming them equivalent would vitiate the claims limitations.

Moreover, given the fact that the Bow-Flex involves relatively straightforward technology and the language in the claims limitations is equally straightforward, it seems more reasonable that a patent drafter would know that by including specific language that the rods are affixed on one end in the claims, he is excluding rods that are mounted somewhere other than on one end. *See Sage Products, Inc. v. Devon Industries, Inc.*, 126 F.3d 1420, 1425 (Fed. Cir.1997) ("A skilled patent drafter would foresee the limiting potential of the 'over said slot' limitation. No subtlety of language or complexity of the technology, nor any subsequent change in the state of the art, such as later-developed technology, obfuscated the significance of this limitation at the time of its incorporation into the claim."). This conforms to a central policy concern in this area of patent law, namely providing the public with notice of the scope of the claimed invention. "The doctrine if equivalents, when applied broadly, conflicts with the definitional and public-notice functions of the statutory claiming requirements." *Warner–Jenkinson*, 520 U.S. at 28–29, 117 S.Ct. 1040. Nautilus chose to describe the location of mounting the rods precisely. Nautilus cannot expand that limitation through the doctrine of equivalents.

Lastly, Nautilus argues that the location of the mounting is merely a component of the "affixed on one end" limitation. (Nautilus' Opp. to Icon's Mot. for Summ. J. at 8.) Once characterized as a component, Nautilus relies on *Corning Glass Works v. Sumitomo Electric U.S.A., Inc.*, for the principle that individual components need not be equivalent under the doctrine. 868 F.2d 1251, 1259 (Fed.Cir.1989). According to Nautilus' interpretation, "affixed" is distinct from "on one end"; each are compo-

nents of the "affixed on one end" limitation. This interpretation, however, parses the limitation in a way that deprives the limitation of its natural meaning. The "on one end" requirement would be meaningless if it were not read together with the "affixed" requirement. Therefore, the location of the mounting is *not* merely a component of the "affixed on one end" limitation.

Moreover, it is not clear that Nautilus has correctly read *Corning Glass*. *Corning Glass* analyzed a claim describing a core, "to which a dopant material ... had been added." *Id.* at 1256. After noting that, as a general matter, there need not always be an equivalent for every component, the court went on to conclude that the claim language "to which a dopant material ... had been added" was a limitation that must be met equivalently. *Id.* at 1260. The court found that it was because there was a dopant material in the accused device that satisfied the function-way-result test, even though the dopant in the accused device was not added to the core. *Id.* Thus, it appears that the court treated this language as a limitation for which there could be an equivalent without vitiating the limitation. As discussed above, the same is not true in this case.

## CONCLUSION

Each of the claims at issue contains a limitation, either expressly or by this Court's prior claim construction, referring to a rod as mounted or affixed on one end. In contrast, the rods in the CrossBow are mounted or affixed in the center of the rod. Applying the doctrine of equivalents would vitiate the claim limitations because the "end" and the "center" are opposites, and because the claims limitations specifically exclude mounting or affixing the rods anywhere besides on one end of the rods.

This result precludes applying the doctrine because no reasonable jury could find that the accused device is equivalent to the protected device without rendering the claims limitations meaningless. Therefore, Icon's motion for summary judgement of no infringement under the doctrine of equivalents is GRANTED.

The Clerk is directed to send copies of this order to all counsel of record.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff's Motion for Reconsideration of the Court's October 6, 2003 Order granting Defendant's Motion for Summary Judgment of No Infringement Under the Doctrine of Equivalents. (Dkt. No. 215.) The motion is hereby DENIED. Plaintiff has not brought forth newly discovered evidence or new case law to justify reversing this Court's previous Order. Instead, Plaintiff appears to recycle legal arguments that were briefed, argued at oral argument, and fully considered by the Court. In short, Plaintiff appears to disagree with the Court's interpretation of the controlling case law. The Court stands by its previous interpretation of the case law.

The Clerk is directed to send copies of this order to all counsel of record.