# United States Court of Appeals for the Federal Circuit

05-1008


BROADCAST INNOVATION, L.L.C.
and IO RESEARCH PTY LTD.,

Plaintiffs-Appellants,

v.

CHARTER COMMUNICATIONS, INC.,

Defendant-Appellee,

and

COMCAST CORPORATION,

Defendant.


Paul M. Smith, Jenner & Block LLP, of Washington, DC, argued for plaintiffs-appellants. With him on the brief were Jonathan T. Suder and Edward R. Nelson III, Friedman, Suder & Cooke, of Fort Worth, Texas; and Edward W. Goldstein and Corby R. Vowell, Goldstein & Faucett, L.L.P., of Houston, Texas.

Beth S. Brinkmann, Morrison & Foerster LLP, of Washington, DC, argued for defendant-appellee. On the brief were Robert M. Harkins, Jr., of San Francisco, California; and David C. Doyle and Jose L. Patiño, of San Diego, California.

Appealed from: United States District Court for the District of Colorado

Judge Alan B. Johnson

# United States Court of Appeals for the Federal Circuit

05-1008

BROADCAST INNOVATION, L.L.C.
and IO RESEARCH PTY LTD.,

Plaintiffs-Appellants,

v.

CHARTER COMMUNICATIONS, INC.,

Defendant-Appellee,

and

COMCAST CORPORATION,

Defendant.

———————————————

DECIDED:  August 19, 2005

———————————————

Before MAYER, RADER, and DYK, Circuit Judges.

RADER, Circuit Judge.

On summary judgment, the United States District Court for the District of Colorado determined that U.S. Patent No. 6,076,094 (the '094 patent) is invalid under 35 U.S.C. § 102(b).  Broadcast Innovation L.L.C. v. Charter Communications, Inc., 03-WY-2223-AJ (BNB) (D. Col. Aug. 4, 2004) (Summary Judgment Order).  Because the district court improperly determined the '094 patent's priority date, this court reverses.

I.

IO Research Pty. Limited of Australia (IO Research) owns the '094 patent. Broadcast Innovation L.L.C. (Broadcast), by exclusive license, has the right to enforce the '094 patent in the United States. Summary Judgment Order, slip op. at 4 n.7. Broadcast sued Comcast Corp. (Comcast) and Charter Communications, Inc. (Charter) on November 7, 2003, alleging infringement of claims 8, 15, 22 and 29 of the '094 patent. Comcast settled with the plaintiffs on June 28, 2004, and thus is not a party to the present appeal. With the court's permission, IO Research later joined the litigation. Id. at 2. Broadcast and IO Research will collectively be referred to as "IO" throughout this opinion.

Before trial, Charter filed a motion for summary judgment that "the '094 Patent is invalid as a matter of law because its earliest priority date – July [18,] 1995 – falls more than one year after the [June 9, 1994] publication of [PCT/AU93/00607] regarding the same technology." Id., slip op. at 4. The district court granted Charter's motion on August 3, 2004, and this appeal followed. Id., slip op. at 25. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(1) (1994).

II.

The '094 patent claims a distributed database system with applicability to data broadcasting and data casting communications media. '094 patent, col. 1, ll. 11-14. This distributed database system was initially disclosed in a series of three Australian patent applications filed in the fall of 1992 and the winter of 1993, and later consolidated into a single international application PCT/AU/93/00607 (the PCT application) filed on November 26, 1993. Summary Judgment Order, slip op. at 7. The PCT application

05-1008                                     2

became a national stage application in the United States on July 18, 1995 as no. 08/436,336 (the '336 application). The '336 application eventually matured into U.S. Patent No. 5,737,595 (the '595 patent).

Before issuance of the '595 patent, the applicant filed a continuation application as 09/054,896 (the '896 application). The '896 application, in turn, matured into U.S. Patent No. 5,999,934 (the '934 patent). Again before issuance of the '934 patent, the applicant filed a divisional application 09/316,164 (the '164 application). This divisional matured into the '094 patent which is at issue in the present case.

The '094 patent does not include a specific reference to the initial Australian patent applications or the PCT application on its cover or in its specification. During prosecution of the '164 application (the application that became the '094 patent), the applicant filed a transmittal letter and an oath & declaration claiming priority to the Australian applications and the PCT application. The '094 patent itself merely states:

> This application is a divisional of U.S. patent application Ser. No. 09/054,896, filed Apr. 3, 1998, now patented as U.S. Pat. No. 5,999,934, which is a continuation of U.S. patent application Ser. No. 08/436,336, filed Jul. 18, 1995, now patented as U.S. Pat. No. 5,737,595.

'094 patent, col. 1, ll. 4-8. The district court based its summary judgment of invalidity on the absence of any specific reference to the PCT application on the face of the '094 patent.

III.

This court reviews the district court's grant or denial of summary judgment under the law of the regional circuit. Chamberlain Group, Inc. v. Skylink Techs., Inc., 381 F.3d 1178, 1191 (Fed. Cir. 2004). Under the law of the tenth circuit, the grant or denial of a summary judgment motion is reviewed de novo. Simms v. Oklahoma ex rel. Dep't of

Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999). A summary judgment motion requires the trial court to ascertain that the case presents no genuine issues of material fact. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Indeed this case presents no disputed issues of fact relevant to the district court's invalidity determination. The '094 patent includes a specific reference to its predecessors, the '934 patent and the '595 patent, but does not include a specific reference to the PCT application on its cover or in its specification. Thus, the issue before this court is purely a question of law – namely, what is the priority date of the '094 patent in the absence of a specific reference to the PCT application?

The district court based its priority determination on its interpretation of various statutes and regulations. This court reviews the district court's interpretation of statutory and regulatory provisions without deference. Merck & Co. v. Kessler, 80 F.3d 1543, 1549 (Fed. Cir. 1996). In that review, appellate courts may address arguments beyond those originally presented by the parties to the district court, particularly where the issue presents significant questions of general impact or of great public concern as in the present case which potentially impacts a large number of patents originating from foreign applications. See L.E.A. Dynatech, Inc. v. Allina, 49 F.3d 1527, 1531 (Fed. Cir. 1995) (citing Dean Witter Reynolds, Inc. v. Fernandez, 741 F.2d 355, 360-61 (11th Cir. 1984); Brooktree Corp. v. Advanced Micro Devices, Inc., 977 F.2d 1555, 1575 (Fed. Cir. 1992)). Section 120 of title 35 sets forth requirements for a U.S. patent to claim priority based on an earlier filed application:

> An application for patent for an invention disclosed . . . in an application previously filed in the United States, or [in a PCT application designating the U.S.] as provided by section 363 of this title . . . shall have the same effect . . . as though filed on the date of the prior application, if filed before

the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application and ***if it contains or is amended to contain a specific reference to the earlier filed application***.

35 U.S.C. § 120 (effective to November 28, 2000) (emphasis added). 35 U.S.C. § 120 was amended in 1999 by Pub. L. No. 106-113 to add:

No application shall be entitled to the benefit of an earlier filed application under this section unless an amendment containing the specific reference to the earlier filed application is submitted at such time during the pendency of the application as required by the Director. The Director may consider the failure to submit such an amendment within that time period as a waiver of any benefit under this section. The Director may establish procedures, including the payment of a surcharge, to accept an unintentionally delayed submission of an amendment under this section.

35 U.S.C. § 120 (effective Nov. 29, 2000). Both versions of § 120 state that a patent application must contain a "specific reference" to an earlier filed application to qualify for the filing date of the prior application. This court need not address which version of the statute controls because the outcome is the same in either case.

The United States Patent & Trademark Office (USPTO) has promulgated regulations to specify the procedures for claiming priority under § 120. See 37 C.F.R. § 1.78(a)(2)(i) (1997) (requiring specific reference in the first sentence of the specification). 37 C.F.R. § 1.78(a) was amended after issuance of the '094 patent to allow applicants to file an application data sheet (ADS) including priority information for an application instead of or along with providing reference in the specification itself, the ADS causing the USPTO to print the priority information on the patent cover page. See 37 C.F.R. § 1.78(a)(2)(iii) (2000). Both versions of the statute, as well as the 1997 version and the 2000 version of § 1.78(a), require some reference to earlier filed applications (i.e., in the specification or on the cover page) to qualify for priority based on those earlier filings. Here the applicant properly referenced the national stage of a

PCT application (i.e., the application that became the '595 patent). Where proper reference to a national stage application exists, no reference to the corresponding PCT application is required because the national stage application effectively has the same U.S. filing date as the PCT application. Therefore, under either version of the statute or the regulation, the reference in the '094 patent to the '595 and '934 patents meets the statutory and regulatory requirements.

In the present case, the '094 patent includes a reference to the '595 patent and the '934 patent in the first sentence of the specification and on its cover page. '094 patent, col. 1, ll. 4-8. The '595 patent has the earliest U.S. filing date and thus becomes "the prior application" under § 120 for the '094 patent specification. Beyond the reference to the '595 and '934 patents, the '094 specification properly states the relationship of the '094 patent to the '595 patent and the '934 patents: the '094 patent is a divisional of the '934 patent, which is a continuation of the '595 patent. This "specific reference" in the '094 patent entitles the applicant to claim priority from the date of the '595 patent's U.S. filing. Because this case does not raise any other issues relevant to 35 U.S.C. § 120, such as copendency between the pending application and "the first application" or "an application similarly entitled to the benefit of the filing date of the first application," this court turns to a determination of the U.S. filing date of the '595 patent.

As previously mentioned, the applicant filed the '595 patent on July 18, 1995, as the U.S. national stage application of the original PCT application. However, July 18, 1995 is not the "U.S. filing date" of the '595 patent. Specifically, under 35 U.S.C. § 363, the international filing date of a PCT application is also the U.S. filing date for the corresponding national stage application. 35 U.S.C. § 363 (1984); see also Manual of

Patent Examining Procedure (MPEP) § 1893.03(b) (8th Ed. including May 2004 revisions) ("It should be borne in mind that the filing date of the international application is also the filing date for the national stage application."). Thus, the '595 patent's U.S. filing date is November 26, 1993, the filing date of the PCT application. Because the '094 patent is entitled to priority back to the '595 patent's U.S. filing date, the '094 patent's priority date under 35 U.S.C. § 120 as well as its term calculation date under 35 U.S.C. § 154(a)(2) is at least November 26, 1993. In other words, the '094 patent, which specifically references the '595 patent and thus satisfies the requirements of 35 U.S.C. § 120 and 37 C.F.R. § 1.78(a), is entitled to effectively the same date as the original PCT application.

The district court did not give the '094 patent the benefit of the U.S. filing date of the '595 patent, or the filing date of the original PCT application. Due to this error, the trial court found that WO94/13102, the June 9, 1994 publication of the PCT application, anticipated the '094 patent under 35 U.S.C. § 102(b). Summary Judgment Order, slip op. at 23-24. Actually this error is very understandable under the circumstances: the '094 patent itself states that the '595 patent was "filed Jul. 18, 1995." '094 patent, col. 1, l. 7. Technically this statement is correct because the '336 application that matured into the '595 patent was filed on July 18, 1995. However, that national stage filing date in this instance is not the effective U.S. filing date for this PCT application under 35 U.S.C. § 363. Because this court finds the '094 patent is at least entitled to a priority date of November 26, 1993, which is prior to June 9, 1994, this court reverses the district court's invalidity determination.

IV.

In sum, this court reverses the district court's finding that the '094 patent is invalid under 35 U.S.C. § 102(b) over WO94/13102. This court does not address the district court's Order of Claim Construction dated March 22, 2004. IO "take[s] modest issue here with the claim construction orders" and argues "that the district court misconstrued three claim terms." However, the invalidity determination presently before this court does not require resolution of any issues of claim interpretation. Thus, this court declines to address the claim construction issues that are not properly before this court at this time. See Heil Co. v. McNeilus Truck and Mfg., Inc., 111 F.3d 141 (Fed. Cir. 1997) (refusing to hear untimely claim construction issues). The case is remanded to the district court for further proceedings consistent with this opinion.

COSTS

Each party shall bear its own costs.

REVERSED