# United States Court of Appeals for the Federal Circuit

05-1577

THE NAUTILUS GROUP, INC.
(formerly known as Direct Focus, Inc.),

Plaintiff-Appellant,

v.

ICON HEALTH AND FITNESS, INC.,

Defendant-Appellee.

-------------------------------------------------------------------------------------------------

05-1603

THE NAUTILUS GROUP, INC.
(formerly known as Direct Focus, Inc.),

Plaintiff-Appellee,

v.

ICON HEALTH AND FITNESS, INC.,

Defendant-Appellant.

Stanley M. Gibson, Jeffer, Mangels, Butler & Marmaro LLP, of Los Angeles, California, for plaintiff-appellant. With him on the brief was Brian W. Kasell. Also on the brief was Richard G. Taranto, Farr & Taranto, of Washington, DC.

Brent P. Lorimer, Workman Nydegger, of Salt Lake City, Utah, for defendant-appellee. With him were Thomas R. Vuksinick, Larry R. Laycock, David R. Todd and Robert E. Aycock.

Appealed from: United States District Court for the Western District of Washington

Judge Ricardo S. Martinez

# United States Court of Appeals for the Federal Circuit

05-1577

THE NAUTILUS GROUP, INC.
(formerly known as Direct Focus, Inc.),

Plaintiff-Appellant,

v.

ICON HEALTH AND FITNESS, INC.,

Defendant-Appellee.

-------------------------------------------------------------------------------------------------

05-1603

THE NAUTILUS GROUP, INC.
(formerly known as Direct Focus, Inc.),

Plaintiff-Appellee,

v.

ICON HEALTH AND FITNESS, INC.,

Defendant-Appellant.

ON MOTION

Before MICHEL, <u>Chief Judge</u>, NEWMAN and BRYSON, <u>Circuit Judges</u>.

PER CURIAM. <u>Circuit Judge</u> NEWMAN dissents.

<u>O R D E R</u>

The Nautilus Group, Inc. moves to dismiss ICON Health & Fitness, Inc.'s appeal 05-1603. ICON opposes. Nautilus replies.

The United States District Court for the Western District of Washington, in No. 02-2420, entered a final judgment pursuant to Federal Rule of Civil Procedure 54(b) "in favor of ICON and against Nautilus on ICON's counterclaim for declaratory judgment of non-infringement of U.S. Patent Nos. 4,620,704 (the '704 Patent) and 4,725,057 (the '057 Patent)." The court dismissed with prejudice Nautilus's claims for infringement of the '704 and '057 patents and entered judgment in favor of ICON. Nautilus appealed. ICON then filed what it termed a conditional cross-appeal from the district court's claim construction order "in the event that Nautilus prevails on appeal."

Nautilus moves to dismiss ICON's cross-appeal. We agree that the cross-appeal is improper and must be dismissed.

The cross-appeal in this case is identical to the one that this court dismissed in Bailey v. Dart Container Corp., 292 F.3d 1360 (Fed. Cir. 2002). In the Bailey case, Dart prevailed on a judgment of noninfringement but filed a conditional cross-appeal seeking review of certain claim construction rulings in the event that this court reversed on the issue of noninfringement. Like Dart, ICON obtained a judgment of noninfringement, but filed a conditional cross-appeal seeking review of certain claim construction rulings in the event of a reversal of the judgment of noninfringement.

In Bailey, we stated that "an appellee can present in this court all arguments supported by the record and advanced in the trial court in support of the judgment as an appellee, even if those particular arguments were rejected or ignored by the trial court." 292 F.3d at 1362. We explained that as appellee Dart could "make appropriate arguments regarding claim construction that would result in affirmance of the judgment of noninfringement." Id. We noted that allowing a cross-appeal in such a case

05-1577 and 05-1603                           2

"unnecessarily expands the amount of briefing that is otherwise allowed, as well as giving the appellee an unfair opportunity to file the final brief and have the final oral argument, contrary to established rules." Id.

The principles of Bailey apply squarely to the facts of this case. Moreover, this court has reiterated the principles set forth in Bailey on numerous occasions, frequently in settings similar to that presented here. For example, in Phillips v. AWH Corp., 363 F.3d 1207 (Fed. Cir. 2004), the appellee filed a conditional cross-appeal in which it sought to challenge the district court's construction of several claim terms that were not involved in the court's noninfringement ruling. The panel ordered the conditional cross-appeal dismissed, stating: "A party has no right of cross-appeal from a decision in its favor. Similarly, a party who prevails on noninfringement has no right to file a 'conditional' cross-appeal to introduce new arguments or challenge a claim construction, but may simply assert alternative grounds in the record for affirming the judgment." 363 F.3d at 1216 (citation omitted). The en banc court reversed the panel in Phillips with respect to certain issues but specifically adopted the panel's disposition of the cross-appeal and the reasoning underlying it. The en banc court wrote: "With respect to AWH's cross-appeal, we also agree with the panel's reasoning and its conclusion that the cross-appeal is improper." Phillips v. AWH Corp., 415 F.3d 1303, 1328 (Fed. Cir. 2005) (en banc).

In other cases we have applied the same rule in similar settings. See, e.g., Lighting World, Inc. v. Birchwood Lighting, Inc., 382 F.3d 1354, 1367 (Fed. Cir. 2004) (issue that "would not alter the judgment in [appellee's] favor . . . is not properly presented as a cross-appeal"); Novartis Pharms. Corp. v. Abbott Labs., 375 F.3d 1328,

1339 (Fed. Cir. 2004) ("[A] party who prevails on noninfringement has no right to file a 'conditional' cross-appeal to introduce new argument or challenge a claim construction") (quoting Phillips, 363 F.3d at 1216); Elan Corp. v. Andrx Pharms., Inc., 366 F.3d 1336, 1340 (Fed. Cir. 2004) (cross-appeal improper where it merely raises an alternative ground for affirmance); Chiron Corp. v. Genentech, Inc., 363 F.3d 1247, 1252 (Fed. Cir. 2004) (appellee's claim construction argument treated as an alternative ground for affirmance, and not an issue properly raised on cross-appeal); Summit Tech., Inc. v. Nidek Co., 363 F.3d 1219, 1222-23 (Fed. Cir. 2004) (appellee's claim construction argument properly raised as an alternative ground for affirmance, not through a cross-appeal); Resonate, Inc. v. Alteon Websystems, Inc., 338 F.3d 1360, 1367-68 (Fed. Cir. 2003) (cross-appeal improper where appellee asks appellate court to "supplement" and "refine" district court's claim construction if case is remanded).

Accordingly,

IT IS ORDERED THAT:

(1) Nautilus's motion to dismiss ICON's appeal, No. 05-1603, is granted.

(2) The revised official caption is reflected above.

FOR THE COURT

 Feb 15  2006          _s/Jan Horbaly__
     Date                     Jan Horbaly
                                 Clerk

cc:    Stanley M. Gibson, Esq.
       Brent P. Lorimer, Esq.

       ISSUED AS A MANDATE (for 05-1603 only):____February 15, 2006_____

05-1577 and 05-1603                              4

# United States Court of Appeals for the Federal Circuit

05-1577


THE NAUTILUS GROUP, INC.
(formerly known as Direct Focus, Inc.),

Plaintiff-Appellant,

v.

ICON HEALTH AND FITNESS, INC.,

Defendant-Appellee.

------------------------------------------------------------

05-1603


THE NAUTILUS GROUP, INC.
(formerly known as Direct Focus, Inc.),

Plaintiff-Appellee,

v.

ICON HEALTH AND FITNESS, INC.,

Defendant-Appellant.


NEWMAN, Circuit Judge, dissenting.


The court now dismisses as improper a protective cross-appeal. ICON has filed a cross-appeal that seeks conditional review of certain unappealed terms in the district court's claim construction decision; the condition is that if we vacate the summary judgment of non-infringement, these unappealed terms will be reviewed for purposes of remand and

trial.  If this court, upon the forthcoming appeal, should remand for trial of infringement, ICON points out that the subject matter of its conditional cross-appeal will be the law of the case, for it was finally decided by the district court.  Yet the majority of this panel irregularly, and arbitrarily, refuses to permit filing of the conditional cross-appeal.  The burden on the district court and the parties, requiring them to conduct a trial on unreviewed claim constructions, when objections have been raised and are ripe for review, is an entirely unnecessary burden.

In a conditional cross-appeal, the party who prevailed in the appealed judgment asks the appellate court to review aspects of the lower court's judgment only if the appellate court modifies the judgment:

> In a protective cross-appeal, a party who is generally pleased with the judgment and would have otherwise declined to appeal, will cross-appeal to insure that any errors against his interests are reviewed so that if the main appeal results in modification of the judgment his grievances will be determined as well.

Hartman v. Duffey, 19 F.3d 1459, 1465 (D.C. Cir. 1994) (citations omitted).  The purpose is to assure that the trial on remand will proceed on the correct law.  See Nautilus Group, Inc. v. Icon Health and Fitness, Inc., 308 F. Supp.2d 1217, 1220 (W.D. Wash. 2003) ("a court's prior [claim] construction is [the] law of the case") (brackets in original) (quoting Ethicon Endo-Surgery, Inc. v. United States Surgical Corp., 149 F.3d 1309, 1315 (Fed. Cir. 1998)); see also Del Mar Avionics, Inc. v. Quinton Instrument Co., 836 F.2d 1320, 1324 (Fed. Cir. 1987) ("Prior findings and the claim construction based thereon are the law of the case. They are not available for redetermination.")

The panel majority suggests that the subject of ICON's conditional cross-appeal is available for argument without cross-appeal, as an alternative ground for affirmance of the

05-1577 and 05-1603                          2

judgment on appeal.  Neither party supports that position, recognizing that these are not simply alternative arguments, <u>see</u>, <u>e.g.</u>, <u>Broadcast Innovation, L.L.C. v. Charter Communs., Inc.</u>, 420 F.3d 1364, 1368 (Fed. Cir. 2005) (declining to address claim constructions not involved in the appealed judgment of invalidity), but rather an effort to change the district court's final decision of issues not included in the summary judgment.

It would be improper for this court on appeal to affirm a summary judgment on grounds not considered or relied on by the district court.  The conditional cross-appeal is not requested as an alternative ground of summary judgment of non-infringement, but as a basis for further proceedings should we order further proceedings.  ICON seeks to assure that <u>if</u> the case is remanded for trial, trial is conducted on the correct claim construction, for the district court has construed the claim terms at issue.

The claim terms that are subject of the cross-appeal are not presented for review in the main appeal.  Thus they will not be discussed in the appellant's brief, and it is far from clear that they can be properly raised and argued in the responsive brief.  <u>Broadcast Innovation</u>, <u>supra</u>.  They are different terms and they raise different issues.  The cross-appeal does not raise new arguments in support of the decision as to the issues on appeal; it raises different issues, that could be highly relevant to proceedings on remand, if remand is ordered.  Review of such issues is routinely implemented by conditional cross-appeal, as explained in 15A Charles A. Wright, <u>Federal Practice and Procedure</u> §3902 p.78 (2d ed. 1977):

> A party who fully prevailed in the district court may have an equally obvious justification for cross-appeal, to protect interests that might be adversely affected by disposition of the appeal.  Courts readily understand this principle, and have applied it without difficulty, permitting the cross-appeals but deciding them only if disposition of the appeal makes it appropriate.

05-1577 and 05-1603                                    3

In <u>United States v. Am. Ry. Express</u>, 265 U.S. 425, 435 (1924) the Court explained the need to file a cross-appeal in order to correct a ruling not raised in the main appeal, as distinguished from arguing issues that were raised in the main appeal:

> It is true that a party who does not appeal from a final decree of the trial court cannot be heard in opposition thereto when the case is brought here by the appeal of the adverse party. In other words, the appellee may not attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below. But it is likewise settled that the appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it.

<u>See</u> <u>also</u> <u>Langnes v. Green</u>, 282 U.S. 531, 538-39 (1931). The court in <u>Hartman v. Duffey</u>, 19 F.3d at 1465, further explained that a protective cross-appeal is vitalized only when the judgment of the main appeal is changed in a way that implicates the subject matter of the cross-appeal:

> Ordinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal therefrom. A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it. . . . Cross-appeals, on the other hand, are not so limited. While some cross-appeals are simply direct appeals by another name, i.e., both parties are equally dissatisfied with the judgment, others are purely protective.

(citation omitted). Such is the protective cross-appeal filed by ICON. A conditional cross-appeal that allows all necessary claim construction decisions to be reviewed is efficient as well as proper, for this court's judges on this appeal will have to understand the invention and the claims, whatever the claim terms we review.

All courts have recognized the distinction between simply supporting an appealed decree with any argument of record, and seeking to change an unappealed issue not the

subject of the appealed decree. This routine procedure is recognized by every circuit. See Wagenmann v. Adams, 829 F.2d 196, 200 (1st Cir. 1987) (reaching the "protective cross-appeal" when the main appeal is successful); First Capital Asset Mgmt. v. Satinwood, Inc., 385 F.3d 159, 163 (2d Cir. 2004) (discussing the protective cross-appeal of RICO claims); Abrams v. Lightolier Inc., 50 F.3d 1204, 1211 (3d Cir. 1995) (filing of protective cross-appeal "in the event the case is remanded for a new trial"); School Bd. v. Malone, 762 F.2d 1210, 1218 (4th Cir. 1985); Kerr v. Comm'r of Internal Revenue, 292 F.3d 490, 494-95 (5th Cir. 2002); Spence v. Miles Lab., 37 F.3d 1185, 1187 (6th Cir. 1994); Council 31, Am. Fed'n of State v. Ward, 978 F.2d 373, 380 (7th Cir. 1992); Kulinski v. Medtronic Bio-Medicus, 112 F.3d 368, 369 (8th Cir. 1996); Hilton v. Mumaw, 522 F.2d 588, 603 (9th Cir. 1975); Mason v. Oklahoma Turnpike Auth., 182 F.3d 1212, 1213 (10th Cir. 1999); Schokbeton Industries, Inc. v. Schokbeton Prods. Corp., 466 F.2d 171, 178 (11th Cir. 1972); Hartman, 19 F.3d at 1465. Even the Supreme Court has accepted conditional cross-petitions. See Block v. North Dakota, 461 U.S. 273, 280 (1983) (granting a "conditional cross-petition" raising other grounds for bringing suit against the United States).

There is no warrant for the Federal Circuit to stand alone. Both parties in the present case agree that ICON's cross-appeal seeks review of claim terms that played no role in the court's summary judgment order. Federal Circuit precedent holds and the district court in this case has already stated that its prior claim constructions are the "law of the case." Thus it is unlikely that the claim construction errors charged in the cross-appeal will be changed by the district court on remand, if excluded from this court's review. Indeed, Nautilus' opposition to ICON's cross-appeal is on the ground that the district court's

decision as to these claim terms cannot be reviewed at all. On this theory, if we remand for trial, that elaborate and expensive procedure could proceed on erroneous, and unreviewed, claim terms.

The panel majority proposes that the claim constructions challenged by cross-appeal can be reviewed on appeal after the remanded trial. That is the problem, not the solution. This approach might serve a party interested in delay; but it does not serve the just and expeditious resolution of the dispute. The majority's ruling directly conflicts with the purpose of the final judgment rule, the Court reiterating in Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374 (1981) that the purpose of the rule is to prevent

> "the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment." The rule also serves the important purpose of promoting efficient judicial administration.

(citations omitted) (quoting Cobbledick v. United States, 309 U.S. 323, 325 (1940)).

This conditional cross-appeal is directed to terms in the district court's Markman ruling that were not relied on in the Rule 54(b) judgment. The district court and the parties recognized the quasi-interlocutory nature of that judgment, as they adapted it to this claim construction decision. If the cross-appeal is now barred from appellate review, any trial on remand can proceed on a potentially incorrect claim construction. The rulings of this court on which the panel majority relies either did not invoke Rule 54(b), or did not consider this consequence. For example, the case of Bailey v. Dart Container Corp., 292 F.3d 1360 (Fed. Cir. 2002), which the panel majority treats as dispositive, held that when the arguments there offered on cross-appeal were simply arguments supporting the judgment based on the record, such that a cross-appeal was unnecessary as well as inappropriate. I

have no objection to that decision, for it states the general rule that a cross-appeal is unnecessary unless it seeks to enlarge or lessen rights under the judgment on appeal. But that is precisely what is here involved. The issues of this conditional cross-appeal relate to claim terms whose construction was not relied on in the judgment on appeal, yet they are claim constructions that will be the law of the case if this court should reverse or vacate the judgment on appeal and remand for trial. In the cases relied on by the panel majority to support barring the conditional cross-appeal, none contemplates the likelihood of remand for trial on the incorrect law -- a situation that will simply occasion additional appeals and remands and retrials.

The panel majority places weight on the recent decision in Phillips v. AWH Corp., 415 F.3d 1303, 1328 (Fed. Cir. 2005) (*en banc*) where the court stated that it agreed with the portion of the panel opinion that dismissed the cross-appeal. The panel, however, had sustained the district court's claim construction and ensuing judgment of non-infringement, whereby the cross-appeal was moot. The *en banc* court, immersed in conflict resolution concerning the use of dictionaries and the role of the specification, was not concerned with this question, and did not discuss whether the terms raised in the cross appeal might enlarge or lessen any rights under the judgment on appeal. That decision cannot be taken as the definitive treatment of the role of cross-appeals.

Precedent shows that in general this court has considered the relevant arguments, however they were raised. For example, in Resonate Inc. v. Alteon Websystems, Inc., 338 F.3d 1360, 1368 (Fed. Cir. 2003) and in Chiron Corp. v. Genentech, Inc., 363 F.3d 1247, 1252 (Fed. Cir. 2004) this court, although grumbling about the procedure of a cross-appeal, nonetheless addressed the arguments raised therein, in connection with the main appeal.

05-1577 and 05-1603                    7

If this were the general practice for claim construction issues I would not be concerned. However, the claim terms raised in the cross appeal here at issue were not involved in the Rule 54(b) judgment, and it is far from clear that they would be, or could be, reviewed in support of the Rule 54(b) judgment. The conditional cross-appeal is presented here not in support of a stipulated judgment, but for use in the jury trial that would follow if the narrow judgment before us is vacated. That is an important difference. See Altiris, Inc. v. Symantec Corp., 318 F.3d 1363, 1378 (Fed. Cir. 2003) (addressing conditional cross-appeal brought solely to dispute the claim construction of two terms that were not "germane to the stipulated summary judgment of noninfringement," because they "may well be pertinent to the trial court's remand redetermination of infringement").

A conditional cross-appeal is a ready mode of raising such conditional issues. This court has often so recognized. For example, in Riverwood Int'l Corp. v. R. A. Jones & Co., 324 F.3d 1346, 1357 (Fed. Cir. 2003) this court vacated a judgment of invalidity and took up the conditional cross-appeal of asserted error in claim construction, for purposes of remand. In Budde v. Harley-Davidson, Inc., 250 F.3d 1369, 1381 (Fed. Cir. 2001) the court held that the district court's construction of "electronic sensing means" was incorrect, and stated that: "So holding requires us to consider Harley-Davidson's conditional cross appeal." In 3M v. Chemque, Inc., 303 F.3d 1294, 1304 (Fed. Cir. 2002) the court held that cross-appeal arguments pertaining to claim construction were critical to the infringement issue on the main appeal and "must be reviewed."

In general, our precedent has recognized that cross-appeals of claim construction-based judgments in patent cases present a special situation, for they carry a significant chance of requiring further proceedings. When consideration of a conditional

cross-appeal can significantly advance these further proceedings, the procedure should not be discouraged. Today's enlarged application of Bailey restricts the opportunity to resolve claim interpretation issues that could affect the judgment on remand. The protocol of conditional cross-appeals is not unreceptive to such procedure, when advantageous to the processes of law. Thus, if the condition does not occur, the cross-appeal need not be considered. See, e.g., Housey Pharms., Inc. v. Astrazeneca UK Ltd., 366 F.3d 1348, 1351 n.2 (Fed. Cir. 2004) (affirming judgment of non-infringement and thus declining to reach cross-appeal on construction of other claim terms). This accords with the rules, yet accommodates the occasional needs of patent appeals brought under Rule 54(b) based on claim construction.

In the case before us, the claim terms subject of the conditional cross-appeal were not the basis of the stipulated judgment of non-infringement. There have been no findings relating to infringement of these terms, whose construction was decided in a final order following a Markman hearing. The issues are not simply "alternative grounds in the record for affirming the judgment."

The district court construed all of the claim terms, by thorough written opinion. The protective cross-appeal permits conditional review of some of the terms if they will be involved in further proceedings, so that trial is conducted on the correct law. No policy favors the "harassment and cost of a succession of separate appeals," to the detriment of efficient judicial administration. Firestone, 449 U.S. at 374. I respectfully dissent from the dismissal of the conditional cross-appeal.