PUBLISH

F I L E D
United States Court of Appeals
Tenth Circuit

JUL 15 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD K. MASON,

     Plaintiff-Appellee and
     Cross-Appellant,

v.

OKLAHOMA TURNPIKE
AUTHORITY; JAMES ORBISON, in
his official and individual capacities;
GILBERT GIBSON, in his official
and individual capacities; MICK
LAFEVERS, in his official and
individual capacities; JIM SCOTT, in
his official and individual capacities;
JOHN GIBBS, in his official and
individual capacities; JAMES
BEACH, in his individual capacity;
ALAN FREEMAN, in his individual
capacity; SAM SCOTT, in his official
and individual capacities,

     Defendants,

     and

TERRY YOUNG, in his official and
individual capacities,

     Defendant-Appellant and
     Cross-Appellee.

Nos. 98-6192 & 98-6201

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN DISTRICT OF OKLAHOMA
(D.C. No. CIV-93-1836-R)**

———————————

Submitted on the briefs:

Graydon Dean Luthey, Jr., of Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Tulsa, Oklahoma, for Defendants-Appellants/Cross-Appellees Sam Scott and Terry Young.

Jan Preece Gaddis, Duncan, Oklahoma, and Joseph Righton Weeks, Oklahoma City University School of Law, Oklahoma City, Oklahoma, for Plaintiff-Appellee/Cross-Appellant Ronald Mason.

———————————

Before **BRORBY** , **EBEL** , and **LUCERO** , Circuit Judges.

———————————

**EBEL** , Circuit Judge.

———————————

The full history underlying these appeals is available elsewhere.    See generally  Mason v. Oklahoma Turnpike Auth.    , 115 F.3d 1442 (10th Cir. 1997); Mason v. Oklahoma Turnpike Auth.    , Nos. 96-6308, 96-6323, 1997 WL 311880 (10th Cir. June 11, 1997);    Mason v. Oklahoma Turnpike Auth.    , Nos. 96-6065, 96-6069, 96-6308, 96-6323, 1997 WL 557571 (10th Cir. Sept. 9, 1997).  We will, therefore, limit our background recitation to those matters having immediate relevance to the issues currently before the court.    [1]

———————————

[1]      After examining the briefs and appellate record, this panel has

(continued...)

The prior appeals established *inter alia* the liability, and attendant punitive damage exposure, of defendant Terry Young [2] for the wrongful termination of plaintiff Ronald Mason. As for the asserted excessiveness of the jury's punitive damage award--a total of $300,000 split evenly between plaintiff's claims for violation of public policy under state law and political discrimination under 42 U.S.C. § 1983--review was left to the district court's discretion on remand. The district court reconsidered and approved the award. Defendant Young appealed (No. 98-6192), challenging the award in light of (1) plaintiff's failure to present evidence of defendant's financial condition at trial, and (2) defendant's own evidence of impecuniousness, proffered on remand. Plaintiff cross-appealed (No. 98-6201) to preserve his position that, if defendant's post-trial financial evidence were held to undercut the existing punitive damage award, we should remand the case to offer him an opportunity to rebut such evidence, rather than directly vacate the award or order a remittitur.

---

[1](...continued)
determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

[2] Defendant Sam Scott, originally an appellant in No. 98-6192 and appellee in No. 98-6201, has been dismissed from the proceedings through settlement. We therefore refer only to defendant Young here, even if the source for our reference originally included both defendants.

**I**

Before we turn to the directly dispositive matters on this appeal, some broad preliminary points should be clarified. The first concerns identification of the issues properly before this court, which are limited by the content of our previous remand and, thus, ultimately by the scope of defendant's prior appeal. See Dow Chem. Corp. v. Weevil-Cide Co., 897 F.2d 481, 486 n.4 (10th Cir. 1990) (holding issue waived earlier in proceeding may not be revived by belated assertion on remand). In that appeal, defendant sought a new trial "because the punitive damages are excessive as against the clear weight of the evidence and the result of improper passion and prejudice." Brief in Chief of Appellants (Appeal No. 96-6065) at 38; see also id. at 43 (alternatively seeking remittitur on same basis). This was a standard common-law challenge to the size of the punitive damage award; nowhere did defendant mention any additional, constitutional objection. And our direction on remand--that "the district court also may, in its discretion, *reconsider* the issues *raised* by Scott, [and Young] with respect to excessiveness," Mason, 115 F.3d at 1460 (emphasis added)--did not contemplate or allow the subsequent interjection of new issues. Consequently, the

constitutional arguments now advanced by defendant were waived prior to the proceedings on remand and play no part in this decision.[3]

Our second clarification has to do with the controlling authority for the common law excessiveness inquiry. Defendant indiscriminately cites state and federal decisions for the pertinent substantive standards, without explaining how these correlate with the state and federal claims on which punitive damages were awarded. While our disposition may not turn on any critical differences in this regard, it is important to note that Oklahoma law governs the excessiveness inquiry on the state tort claim, while federal law controls on the § 1983 claim. However, in both instances our standard of appellate review, dictated by the Seventh Amendment's reexamination clause, is the same: abuse of discretion. See Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 438 (1996).

Our last clarification concerns the burden of proof. Defendant insists that in establishing the propriety and amount of punitive damages, plaintiff was obligated to present evidence of defendant's financial condition. This is clearly not the law with respect to the federal claim. See, e.g., Kemezy v. Peters, 79 F.3d 33, 33-34 (7th Cir. 1996) (following four other circuits in holding plaintiff does

---

[3] We note that a substantive constitutional limitation on punitive damages was acknowledged by the United States Supreme Court long before the trial of this action. See, e.g., TXO Prod. Corp. v. Alliance Resources Corp., 509 U.S. 443, 453-54, 479-80 (1993); Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 18 (1991).

not bear burden of demonstrating defendant's financial condition); Grabinski v. Blue Springs Ford Sales, Inc., 136 F.3d 565, 570-71 (8th Cir. 1998) (following Kemezy).  Nor is it the law for the state claim.  When this case was tried, Okla. Stat. Ann. tit 23, § 9 (superseded by id., § 9.1, for cases filed after Aug. 25, 1995) required a plaintiff to show conduct by the defendant "evincing a wanton or reckless disregard for the rights of another, oppression, fraud or malice, actual or presumed" to justify punitive damages.  The statute did not mention the financial condition of the defendant.  Accordingly, the Oklahoma Supreme Court distinguished the quoted mandatory "criteria" for punitive damages, which limit jury discretion with respect to the award through operation of burden-of-proof constraints, from evidence of the defendant's financial condition, which the court characterized as merely "a consideration" a jury *could* take into account. Rodebush ex rel. Rodebush v. Oklahoma Nursing Homes, Ltd., 867 P.2d 1241, 1251 (Okla. 1993).[4]

---

[4]     The current version of the punitive damage statute does refer to the defendant's financial condition, though this is cited as but one of many factors relevant to the proper amount, distinct from the requisite misconduct of the defendant that the plaintiff must establish, by clear and convincing evidence, to obtain any award.   Compare  § 9.1(A), (E)  with § 9.1 (B)-(D).  We express no opinion regarding the effect of these later provisions on the issues in this case.

## II

As noted at the outset, defendant's objection to the jury's punitive damage award, and to the district court's refusal to disturb it, focuses on his financial condition: specifically, the lack of evidence adduced on the matter at trial, and defendant's own showing proffered post-trial (on remand). As we have already seen, however, it was not plaintiff's burden to establish defendant's financial condition. Rather, this was a matter defendant could have raised in opposition to and/or mitigation of the punitive damages sought by plaintiff. His election not to do so cannot undermine the award the jury was persuaded to grant plaintiff on the evidence before it.

The district court discounted defendant's own evidentiary showing on remand for two, alternative reasons:

> First, the Court notes that the Defendants made a deliberate, tactical decision not to offer evidence of their respective financial conditions at trial . . . . Under the circumstances, the court finds that it would be inequitable to reduce the Defendants' liability for punitive damages on the basis of financial information which was available to them at trial. Alternatively, the financial information provided by the Defendants in this case is not sufficient to warrant a reduction in the punitive damage awards.

Appendix at 206. We do not reach the district court's second, substantive assessment of the evidence, because the initial, procedural basis for rejecting it suffices to justify the court's disposition of the matter.

-7-

As already noted, we review the district court's resolution of the excessiveness question for an abuse of discretion. See Gasperini, 518 U.S. at 438; Vining ex rel. Vining v. Enterprise Fin. Group, Inc., 148 F.3d 1206, 1216 (10th Cir. 1998). Further, as a more general matter, the decision to admit or exclude evidence is likewise reviewed solely for an abuse of discretion, see Seymore v. Shawver & Sons, Inc., 111 F.3d 794, 800 (10th Cir. 1997), even when made in the course of proceedings outside the immediate trial context, see, e.g., Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc., 131 F.3d 874, 894 (10th Cir. 1997) ("Like other evidentiary rulings, we review a district court's decision to exclude evidence at the summary judgment stage for abuse of discretion."). As the passage quoted above reflects, the district court rejected defendant's attempt to augment the evidentiary record on punitive damages here because it considered this post-trial effort to undermine the jury's determination inappropriate, particularly given the untaken opportunity to present such evidence at trial. Under the circumstances, we cannot say this exercise of trial court judgment was an abuse of discretion.[5]

_____

[5]    Indeed, there is a serious question whether, in light of the reexamination clause of the Seventh Amendment, the district court even *could have* permitted post-trial supplementation of the evidentiary record. One circuit has considered the matter at some length and concluded that "the court cannot, consistent with the Seventh Amendment, evaluate a jury's verdict [for excessiveness] based on evidence that the jury was not permitted to consider at

(continued...)

Without the financial evidence defendant sought to introduce on remand, his challenge to the punitive damage award clearly must fail.  With this conclusion, the issues raised on plaintiff's protective cross-appeal are effectively mooted as well.

Finally, the primary focus of our prior remand was whether the $150,000 in punitive damages awarded on both of plaintiff's claims were duplicative, see Mason, 115 F.3d at 1460; Mason, 1997 WL 557571 at **1, and, embedded in defendant's current objections regarding his financial condition, are a few passing statements critical of the district court's approval of the aggregate award of $300,000.  While these may "suggest dissatisfaction regarding [resolution of the duplication issue], such perfunctory complaints fail to frame and develop an issue sufficient to invoke appellate review." Murrell v. Shalala, 43 F.3d 1388, 1390 n.2 (10th Cir. 1994).  In any event, "[t]he question of whether damage awards are duplicative is one of fact, reviewable under the clearly erroneous standard,"

_____

[5](...continued)
trial." Mattison v. Dallas Carrier Corp. , 947 F.2d 95, 108 (4th Cir. 1991);     see also Coleman v. Tennessee  , 998 F. Supp. 840, 849 (W.D. Tenn. 1998).  Defendant notes this court once stated that "the District Court can hold a hearing to ascertain defendant's current economic status" for excessiveness purposes in a case remanded on other grounds.    Klein v. Grynberg  , 44 F.3d 1497, 1505 (10th Cir. 1995).  However, there is no indication this procedure was disputed by the parties, much less on the Seventh Amendment grounds acknowledged here.  Thus, we are reluctant to presume the    Klein  panel considered and resolved, sua sponte and sub silencio, the significant constitutional issue noted here.

-9-

Mason, 115 F.3d at 1459, and we discern no clear error in the district court's finding that the separate awards against defendant "for the Section 1983 and state public policy wrongful discharge claims . . . represent an apportionment by the jury and are not duplicative." Appendix at 204.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.