FILED
United States Court of Appeals
Tenth Circuit

**March 3, 2008**

Elisabeth A. Shumaker
Clerk of Court

<u>PUBLISH</u>

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MAURICE TROTTER, a/k/a Mo,

Defendant–Appellant.

No. 05-3487

(D.C. No. 04-CR-20140-CM)

(District of Kansas)

### OPINION ON REMAND FROM
### THE UNITED STATES SUPREME COURT

Before **MURPHY, McKAY**, and **GORSUCH**, Circuit Judges.

**McKAY**, Circuit Judge.

This case is before us on remand from the United States Supreme Court. Defendant was convicted of distribution and possession of cocaine powder and crack cocaine as well as conspiracy to possess with intent to distribute those substances. *See United States v. Trotter*, 483 F.3d 694, 697 (10th Cir. 2007). On appeal, we affirmed Defendant's conviction and sentence. *Id.* at 703. We rejected Defendant's argument that the district court erred by failing to impose a lower sentence based on the disparity in punishment between offenses involving cocaine powder and offenses involving crack cocaine, holding that this argument

was foreclosed by our decision in *United States v. McCullough*, 457 F.3d 1150, 1171-72 (10th Cir. 2006). *Id.* The Supreme Court subsequently granted certiorari and vacated and remanded this case for further consideration in light of *Kimbrough v. United States*, 552 U.S. ____, 128 S. Ct. 558 (2007).

In *Kimbrough*, the Court discussed the Sentencing Commission's criticisms of the sentencing disparity between crack and powder cocaine offenses and the Commission's recent amendments to the Guidelines on crack offenses. 128 S. Ct. at 566-569. The Court noted that the Commission "reported that the crack/powder disparity produces disproportionately harsh sanctions, *i.e.,* sentences for crack cocaine offenses 'greater than necessary' in light of the purposes of sentencing set forth in § 3553(a)." *Id.* at 575. The Court therefore held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes." *Id.* The Court held that the district court in the proceedings before it "properly homed in on the particular circumstances of [defendant's] case and accorded weight to the Sentencing Commission's consistent and emphatic position that the crack/powder disparity is at odds with § 3553(a)." *Id.* at 576. The Court therefore held that the Fourth Circuit had erred in vacating the district court's imposition of a below-Guidelines sentence. *Id.*

In the instant case, Defendant requested the district court to vary from the

advisory Guidelines based on the § 3553(a) factors and the crack/powder disparity. In response, the Government argued that "we're all bound to follow [the Guidelines setting forth base offense levels for crimes involving crack and powder], whether we agree or disagree," and that "nothing that *Booker* did has . . . taken that away," (R. Doc. 129 at 23). The court then sentenced Defendant at the bottom of the applicable Guidelines range, holding that the § 3553(a) factors did not warrant a variance.[1] The court did not explicitly address Defendant's argument that the crack/powder disparity warranted a downward variance from the Guidelines.

We are unable to tell from the sentencing transcript whether the district court's rejection of Defendant's argument was based on its conclusion that the crack/powder disparity did not warrant a below-Guidelines sentence in Defendant's particular case—a permissible conclusion under *Kimbrough*—or on its acceptance of the Government's argument that the disparity could not constitute a valid reason for varying from the Guidelines in any case—a position

---

[1] Although the court actually stated that a *departure* was not warranted in Defendant's case, the sentencing transcript makes clear that the court was referring to a variance rather than a departure. *See United States v. Atencio*, 476 F.3d 1099, 1101 n.1 (10th Cir. 2007) ("We now clarify that when a court reaches a sentence above or below the recommended Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines, the resulting increase or decrease is referred to as a 'departure.' When a court enhances or detracts from the recommended range through application of § 3553(a) factors, however, the increase or decrease is called a 'variance.'").

that has been overruled by *Kimbrough*. We therefore **REMAND** this case for the district court to clarify why it rejected Defendant's request for a variance based on the crack/powder disparity. If it rejected this request based on a belief that it did not have discretion to specifically consider whether the disparity resulted in a disproportionately harsh sentence, the court is to conduct resentencing in light of *Kimbrough*.