FILED
United States Court of Appeals
Tenth Circuit

May 21, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | Nos. 09-3162 & 09-3218 |
| v. | (D. Kansas) |
| MAURICE TROTTER, also known as Mo, | (D.C. No. 2:04-CR-20140-CM-1) |
| Defendant - Appellant. | |

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | Nos. 09-3163 & 09-3219 |
| v. | (D. Kansas) |
| MARDELL TROTTER, also known as Juice, also known as Del, | (D.C. No. 2:04-CR-20140-CM-2) |
| Defendant - Appellant. | |

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining the briefs and appellate records, this court has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.[1]

Maurice and Mardell Trotter "were tried together and convicted of distribution and possession with intent to distribute significant quantities of cocaine powder and crack cocaine as well as conspiracy to possess with intent to distribute those substances." *United States v. Trotter*, 483 F.3d 694, 697 (10th Cir. 2007). On direct appeal, this court affirmed the Trotters' convictions and sentences. *Id.* at 703. The Supreme Court granted certiorari, vacated, and remanded these cases for further consideration in light of *Kimbrough v. United States*, 552 U.S. 85 (2007).[2] *Trotter (Maurice) v. United States*, 552 U.S. 1090 (2008); *Trotter (Mardell) v. United States*, 552 U.S. 1091 (2008). This court, in turn, remanded the cases to the district court to clarify why it rejected the Trotters' requests for variances. *United States v. Trotter (Maurice)*, 518 F.3d 773, 774 (10th Cir. 2008); *United States v. Trotter (Mardell)*, 267 F. App'x 267, 267 (10th Cir. 2008). On July 11, 2008, the district court entered an order

---

[1]The four separate appeals are consolidated for the purpose of this disposition.

[2]In *Kimbrough v. United States*, the Court held district courts have discretion to vary from the Sentencing Guidelines on the basis "that the crack/powder disparity yields a sentence 'greater than necessary' to achieve [18 U.S.C.] § 3553(a)'s purposes, even in a mine-run case." 552 U.S. 85, 110 (2007).

clarifying it understood at the time of sentencing that it had discretion to vary from the Guidelines on the basis of the crack/powder cocaine disparity, and had refused to vary on the basis the sentences it imposed on Maurice and Mardell were appropriate under the facts of these particular cases. Eleven months later, on June 11, 2009, the Trotters filed a notice of appeal and a motion for extension of time to file appeal (appeal nos. 09-3162, -3163). When the district court denied the Trotters' motion to extend the time to file a notice of appeal, the Trotters filed a second notice of appeal (appeal nos. 09-3218, -3219).

The United States has moved to dismiss these appeals as untimely. We grant the government's motion and hereby **dismiss** these appeals. Fed. R. App. P. 4(b)(1)(A); *United States v. Garduno*, 506 F.3d 1287, 1290-91 (10th Cir. 2007) (holding that although Rule 4(b)(1)(A) is not jurisdictional, it is an "inflexible claim processing rule" "assur[ing] relief to a party properly raising" timeliness (quotation omitted)). In so doing, we note specifically that the district court did not abuse its discretion in denying the Trotters' motion to extend the time for filing notices of appeal. The language of Fed. R. App. P. 4(b)(4) makes clear that the district court could only extend the time for filing a notice of appeal for thirty days beyond Rule 4(b)(1)'s deadline. Fed. R. App. P. 4(b)(4). Because the Trotters' notice of appeal was filed more than ten months after the expiration of the time for filing a notice of appeal set out in Rule 4(b)(1), the district court correctly denied the Trotters' motion to extend.

Because the Trotters' notice of appeal was not timely filed, this court grants the government's motion and **DISMISSES** these appeals.[3]

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[3]The Trotters assert this court should remand to the district court to determine whether the Trotters' counsel was ineffective in failing to file a timely notice of appeal. They have not, however, cited a single case supporting such a course of action in the face of an untimely notice of appeal. Instead, all of the cases cited by the Trotters involve motions for relief from judgment pursuant to 28 U.S.C. § 2255.