FILED
United States Court of Appeals
Tenth Circuit

March 5, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

v.

MARDELL TROTTER, a/k/a Juice, a/k/a
Del,

      Defendant – Appellant.

No. 14-3077
(D.C. No. 2:04-CR-20140-CM-2)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Mardell Trotter appeals following a resentencing hearing. His counsel seeks leave

to withdraw in a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967).

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Trotter has filed a pro se brief.  Exercising jurisdiction under 28 U.S.C. § 1291 and 18

U.S.C. § 3742(a), we dismiss the appeal and grant counsel's motion to withdraw.

**I**

This case presents a lengthy and torturous procedural history.  In 2005, Trotter

was found guilty of various drug and firearm offenses, including conspiracy to distribute

50 grams or more of cocaine base and possession or use of a firearm.  He was sentenced

to a term of 322 months imprisonment.   On direct appeal, Trotter challenged the denial

of his motion to suppress, the sufficiency of the evidence supporting his conviction, and

various aspects of his sentence, including the denial of his request for a downward

departure based on the disparity in punishment between offenses involving cocaine and

cocaine base ("crack").  We affirmed.  United States v. Trotter, 483 F.3d 694 (10th Cir.

2007) ("Trotter I").

Trotter then appealed to the Supreme Court, which vacated the judgment and

remanded the case for further consideration in light of Kimbrough v. United States, 552

U.S. 85 (2007).  Trotter v. United States, 552 U.S. 1090, 1090 (2008).  We then

remanded to the district court with instructions to "clarify why it rejected Defendant's

request" for a downward departure.  United States v. Trotter, 267 F. App'x 788, 788

(10th Cir. 2008) (unpublished) ("Trotter II").  In July 2008, the district court issued an

order clarifying that its basis for rejecting Trotter's request was not the mistaken belief

that it lacked discretion to consider whether the crack/powder cocaine disparity resulted

-2-

in a disproportionately harsh sentence.  The district court did not conduct a full resentencing or issue a new judgment.  After Trotter's counsel failed to appeal, Trotter filed a pro se notice of appeal that we denied as untimely.  United States v. Trotter, 379 F. App'x 735, 737 (10th Cir. 2010) (unpublished) ("Trotter III").

Trotter then filed a 28 U.S.C. § 2255 motion alleging that his counsel was ineffective because he failed to file a notice of appeal from the district court's July 2008 order.  In May 2013, the district court held that Trotter's attorney was constitutionally ineffective and re-imposed Trotter's original 322 month sentence in order to allow an appeal.  On appeal, we held that Trotter should have received a new sentencing hearing and been resentenced under the revised Guidelines which provided lower mandatory minimums.  We thus remanded to the district court for resentencing.  United States v. Trotter, No. 13-3145, slip op. at 1 (10th Cir. Nov. 21, 2013) (unpublished) ("Trotter IV").  The district court then reduced Trotter's sentence to 180 months pursuant to recent Guidelines revisions.  Trotter now timely appeals from that resentencing hearing.

**II**

An attorney who, after a conscientious examination of the case, determines that any appeal would be wholly frivolous, may so advise the court and request permission to withdraw.  Anders, 386 U.S. at 744.  That request must be accompanied by a brief identifying any potentially appealable issues.  Id.  The defendant must be notified and may file a pro se brief.  If the court determines that the case is wholly frivolous after a

-3-

careful examination of the record, the court may grant the motion to withdraw and dismiss the appeal.  Id.

In this case, counsel has filed an Anders brief that identifies four potentially appealable issues from Trotter's underlying conviction:  (1) whether the district court erred in denying Trotter's motion to suppress evidence relating to a search of his storage unit; (2) whether the evidence was sufficient to sustain conviction for conspiracy to distribute crack cocaine; (3) whether the district court's application of a sentencing enhancement for a prior drug conviction pursuant to 21 U.S.C. § 851 violated Trotter's Sixth Amendment right to a jury trial; and (4) whether the district court committed reversible error in its jury instruction on the firearm count.  Counsel concludes that appealing these issues would be frivolous.  Specifically, counsel states that issues one through three are subject to the law of the case doctrine because they were resolved against Trotter in Trotter I.  And because issue four was not raised in that appeal, counsel suggests that it was waived.  Counsel also contends that the mandate rule bars litigation of all of these claims because our remand orders in Trotter II and Trotter IV were limited to sentencing issues.

Trotter has filed a pro se brief, arguing that the law of the case doctrine and the mandate rule are inapplicable because the decision in Trotter I was entirely vacated, and alternatively because intervening controlling precedent warrants reconsideration of these issues.  See United States v. Monsisvais, 946 F.2d 114, 117 (10th Cir. 1991) (a change in

controlling authority may warrant departing from the law of the case doctrine).[1]

## A

"[W]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." Rohrbaugh v. Celotex Corp., 53 F.3d 1181, 1183 (10th Cir. 1995). The law of the case doctrine is "discretionary, not mandatory." Stifel, Nicolaus & Co. v. Woolsey & Co., 81 F.3d 1540, 1544 (10th Cir. 1996). We may depart from the doctrine in "three exceptionally narrow circumstances: (1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice." United States v. Alvarez, 142 F.3d 1243, 1247 (10th Cir. 1998).

Our decision in Trotter I squarely resolved Trotter's sufficiency of the evidence claims regarding his crack conviction. 483 F.3d at 700-07. That decision also resolved his suppression claim and his challenge to the § 851 enhancement. Id. at 698-99, 703. Trotter argues that these holdings do not constitute the law of the case because the Supreme Court vacated Trotter I on appeal. Yet the judgment was vacated solely because

---

[1] We construe Trotter's pro se filing liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

of sentencing errors. Moreover, we remanded the case to the district court with narrow instructions to "clarify why it rejected [Trotter's] request" and to modify his sentence only if it had erroneously believed it lacked discretion to depart downwards. Trotter II, 267 F. App'x at 789. Even if the law of the case doctrine did not foreclose Trotter from rearguing the issues resolved in Trotter I, the proper time for Trotter to have raised those issues in front of this court would have been during his direct appeal from his 2013 resentencing. Trotter did not raise these claims in that appeal. See Trotter IV, slip op. at 1. Thus, to the extent that the law of the case doctrine does not control, those claims would be waived. See Mason v. Okla. Tpk. Auth., 182 F.3d 1212, 1214 (10th Cir. 1999) (explaining that issues properly before the court are limited by the scope of the party's prior appeal, and that issues waived earlier in a proceeding may not be revived on remand).

Moreover, Trotter's other arguments that we should revisit Trotter I are unpersuasive. He argues that Alleyne v. United States, 133 S. Ct. 2151 (2013), has rendered § 851 unconstitutional by overturning Almendarez-Torres v. United States, 523 U.S. 224 (1998). But this argument is squarely foreclosed by circuit precedent. United States v. Moore, 401 F.3d 1220, 1224 (10th Cir. 2005) (explaining that "although the Court may overrule Almendarez-Torres at some point in the future, it has not done so, we will not presume to do so for the Court, and we are bound by existing precedent"). Trotter also contends that his motion to suppress should be reevaluated in light of United

States v. Cos, 498 F.3d 1115 (10th Cir. 2007). But Cos explicitly distinguished its holding from the Trotter I decision. See Cos, 498 F.3d at 1127 (explaining that "this case, […] unlike Trotter, involves the search of a home," creating heightened Fourth Amendment protection).

**B**

Because Trotter did not present his § 924(c) claim to the district court, we review it for plain error. United States v. Ferrel, 603 F.3d 758, 763 (10th Cir. 2010). Trotter argues that under Watson v. United States, 552 U.S. 74 (2007), the district court erred by instructing the jury that it could consider whether a firearm was "exchanged, traded or bartered for drugs" in its deliberations on the § 924(c) count. Although Watson held that trading a firearm for drugs cannot satisfy the "use" prong of § 924(c), it explicitly refused to decide if that reasoning applied to the "possession in furtherance of" prong. 552 U.S. at 83. Our circuit has held that trading guns for drugs may satisfy that prong. United States v. Luke-Sanchez, 483 F.3d 703, 706 (10th Cir. 2007). Accordingly, the district court did not plainly err.

Although his counsel identified the sufficiency of the evidence in support of Trotter's conspiracy conviction as a potentially appealable, but ultimately frivolous issue, Trotter does not raise the issue in his pro se brief. After a full examination of the record, we conclude that these arguments were correctly rejected in Trotter I. See 483 F.3d at 700-01.

-7-

## III

Our full examination of the record identifies no issues in this case that might properly be the subject of an appeal. Because we are not presented with any meritorious grounds for appeal, we **GRANT** counsel's request to withdraw and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge