**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

MARDELL TROTTER,

     Defendant-Appellant.

No. 15-3322
(D.C. Nos. 2:15-CV-07616-CM and
No. 2:04-CR-20140-CM-2)
(D. Kansas)

_____

**ORDER**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Mr. Mardell Trotter was convicted on federal drug and gun charges. After an unsuccessful direct appeal, Mr. Trotter moved to vacate the sentence on one of the gun charges (Count 11). The district court denied relief and a certificate of appealability. Mr. Trotter now asks us for a certificate of appealability. We deny this request and dismiss the appeal.

---

[*] Because oral argument would not be helpful, we decide this appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. The order may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

## I.    Procedural History

On the disputed gun charge, Mr. Trotter was sentenced under 18 U.S.C. § 924(c), which imposes a five-year mandatory minimum sentence for those who, during and in relation to any drug trafficking crime, "use[] or carr[y] a firearm, or who, in furtherance of any such crime, possess[] a firearm." According to the government, Mr. Trotter traded drugs for a gun. The jury found Mr. Trotter guilty, and the court imposed a sentence that included a five-year prison term for the § 924(c) charge.

On direct appeal, Mr. Trotter challenged the refusal to depart downward and argued that the evidence was insufficient for a conviction under § 924(c). We affirmed the conviction and remanded to the district court for clarification of the reasons for declining to depart downward. *United States v. Trotter* (*Trotter II*), 518 F.3d 773 (10th Cir. 2008).[1]

On remand, the district court clarified its reasoning without modifying its earlier judgment or sentence. Mr. Trotter appealed and we remanded for resentencing under the revised sentencing guidelines. *United States v. Trotter*, No. 13-3145 (10th Cir. Nov. 21, 2013) (unpublished). On remand, the district court reduced Mr. Trotter's sentence from 322 to 180 months.

---

[1]    Before remanding, we had affirmed the conviction and sentence. *United States v. Trotter*, 483 F.3d 694 (10th Cir. 2007). That decision was vacated by the U.S. Supreme Court. *Trotter v. United States*, 552 U.S. 1091 (2008).

In appealing that sentence again, Mr. Trotter's counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), identifying potentially appealable issues. In part, the *Anders* brief stated that Mr. Trotter might argue that the jury had been improperly instructed on the § 924(c) count in light of the U.S. Supreme Court's opinion in *Watson v. United States*, 552 U.S. 74 (2007). *United States v. Trotter*, 601 F. App'x 721, 725 (10th Cir. 2015) (unpublished). In *Watson*, the Supreme Court held that trading drugs for a gun cannot constitute a "use" for purposes of § 924(c). *Watson*, 552 U.S. at 83. But the Supreme Court did not address § 924(c)'s "possession in furtherance of" prong. *Id.*

We reviewed the issue for plain error. Doing so, we concluded that *Watson* did not apply because it addresses only one of the two prongs in § 924(c). *See Trotter*, 601 F. App'x at 725. Because we had previously held that trading guns for drugs may satisfy the "possession in furtherance of" prong, we concluded that the district court had not plainly erred. *Id.* (quoting *United States v. Luke-Sanchez*, 483 F.3d 703, 706 (10th Cir. 2007) (holding that trading drugs for guns satisfies § 924(c)'s "possession in furtherance of" prong)); *see also United States v. Gurka*, 605 F.3d 40, 44 (1st Cir. 2010) (expressing agreement with the Second, Seventh, and Ninth Circuits that "*Watson* does not affect the prong of 18 U.S.C. § 924(c)(1)(A) concerned with 'possession in furtherance of'").

Mr. Trotter now claims that under *Watson*, his counsel was ineffective by failing to present claims of insufficiency of the evidence and actual innocence.

## II. Standard for a Certificate of Appealability

To appeal the denial of relief, Mr. Trotter needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). We may issue a certificate only if Mr. Trotter "has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). To make this showing, Mr. Trotter must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## III. Standard for Ineffective Assistance of Counsel

In his motion, Mr. Trotter claims that his counsel was ineffective for failing to argue that *Watson* constitutes an intervening change in the law. To determine whether counsel was ineffective, we apply the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984).

Under *Strickland*, Mr. Trotter must first show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." 466 U.S. at 687-88. If Mr. Trotter makes that showing, he must also demonstrate prejudice, which exists only if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the

4

proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

**IV. Counsel's omissions were not prejudicial to the outcome.**

Section 924(c) contains two prongs. The first prong prohibits the "use" of a firearm during and in relation to a drug trafficking crime, and the second prong prohibits "possession" of a firearm in furtherance of a drug trafficking crime. Mr. Trotter was indicted on both prongs. A "crime denounced in the statute disjunctively may be alleged in an indictment in the conjunctive, and thereafter proven in the disjunctive." *United States v. Gunter*, 546 F.2d 861, 868-69 (10th Cir. 1976). Thus, the § 924(c) conviction required the government to satisfy only one of the two prongs.

Mr. Trotter contends that in light of *Watson v. United States*, there is no longer sufficient evidence for his § 924(c) conviction. 552 U.S. 74 (2007). It is true that Mr. Trotter's conviction cannot be sustained under § 924(c)'s "use" prong because that possibility is foreclosed by the Supreme Court's opinion in *Watson*. *Id*. at 83. But *Watson* does not address the "possession in furtherance of" prong, and we have held that trading drugs for guns satisfies the "possession in furtherance of" prong. *See id*.; *United States v. Luke-Sanchez*, 483 F.3d 703, 706 (10th Cir. 2007). Similarly, we have held that *Watson* does not bear on the sufficiency of the evidence for a conviction under the "possession in furtherance of" prong.

5

*Trotter*, 601 F. App'x 721, 725 (10th Cir. 2015) (unpublished); *United States v. Trotter*, 483 F.3d 694, 702 (10th Cir. 2007), *vacated on other grounds*, 552 U.S. 1091 (2008). Thus, even after *Watson*, Mr. Trotter's conviction under § 924(c) may be upheld under the "possession in furtherance of" prong.

Mr. Trotter also claims that *Watson* constitutes an intervening change in law that renders him actually innocent. A claim of actual innocence requires new evidence that would prevent any reasonable jury from finding Mr. Trotter guilty. *See Schlup v. Delo*, 513 U.S. 298, 329 (1995). Mr. Trotter did not present any new evidence. Instead, his claim is based solely on the opinion in *Watson*. Again, *Watson* does not bear on the "possession in furtherance of" prong of § 924(c) and Mr. Trotter does not question the applicability of that prong to his conviction. *See Trotter*, 601 F. App'x at 725; *Trotter*, 483 F.3d at 702. Absent other evidence, this claim fails as a matter of law.

## V. Disposition

We deny Mr. Trotter's request for a certificate of appealability and dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge

6