FILED
United States Court of Appeals
Tenth Circuit

December 6, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SECURITIES AND EXCHANGE
COMMISSION,

     Plaintiff - Appellee,

v.

CHARLES R. KOKESH,

     Defendant - Appellant.

No. 19-2000
(D.C. No. 1:09-CV-01021-SMV-LAM)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **CARSON**, Circuit Judges.
_____

Charles Kokesh appeals from the district court's amended final judgment in

favor of the Securities and Exchange Commission ("SEC").  Exercising jurisdiction

under 28 U.S.C. § 1291, we affirm.

**I**

After a jury found Kokesh guilty of violating securities laws, the district court

entered a judgment in favor of the SEC permanently enjoining him from future

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violations of securities laws and ordering a civil penalty of $2.4 million, disgorgement of $34.9 million, and $18.1 million in prejudgment interest. The district court recognized that 28 U.S.C. § 2462 establishes a five-year limitations period "for the enforcement of any civil fine, penalty, or forfeiture . . . from the date when the claim first accrued." Id. It limited the civil penalty amount accordingly but held § 2462 does not apply to the injunction or the disgorgement order.

Kokesh appealed. See SEC v. Kokesh, 834 F.3d 1158 (10th Cir. 2016) ("Kokesh I"), rev'd, 137 S. Ct. 1635 (2017). He argued that § 2462 barred the injunction and the disgorgement order because the claims first accrued more than five years before the SEC brought the action. Id. at 1162. He also contended the district court erred in excluding evidence of attorney and accountant participation in the transactions, which he claimed would have shown that he lacked knowledge of any misconduct. Id. We rejected both arguments. Agreeing with the district court, we held that neither the injunction nor the disgorgement order was subject to § 2462. Id. at 1162-67. We further held that the evidentiary issue was waived due to inadequate briefing. Id. at 1167-68.

Kokesh sought review from the Supreme Court, presenting a single question: "Does the five-year statute of limitations in 28 U.S.C. § 2462 apply to claims for 'disgorgement'?" Petition for Writ of Certiorari at i, Kokesh v. SEC, 137 S. Ct. 1635 (2017) (No. 16-529). The Supreme Court granted review and held that SEC disgorgement is a penalty subject to § 2462. Kokesh, 137 S. Ct. at 1639, 1642, 1645.

2

On remand, the SEC requested that this court order disgorgement of $5,004,773, representing the amounts Kokesh converted within the limitations period.  See SEC v. Kokesh, 884 F.3d 979, 981 (10th Cir. 2018) ("Kokesh II").  In response, Kokesh contended that the SEC's claims first accrued more than five years before it filed the action, rendering the entire action time-barred.  Id.  We held that Kokesh's "misappropriations of funds . . . are properly viewed as discrete violations, . . . with each unlawful taking being actionable for five years after its occurrence."  Id. at 984-85.  We therefore reversed the district court's judgment and remanded with instructions to enter an order requiring disgorgement of $5,004,773.  Id. at 985.

Before the district court, the SEC requested the court enter an award of prejudgment interest in addition to the disgorgement Kokesh II had ordered.  Kokesh objected, asserting that the district court should reject any relief other than an order of disgorgement of $5,004,773.  The district court determined that Kokesh II did not preclude an award of prejudgment interest.  It entered an amended final judgment in favor of the SEC enjoining Kokesh from future violations of the securities laws and ordering him to pay a civil penalty of $2,354,593, disgorgement totaling $5,004,773, and prejudgment interest in the amount of $2,646,466.25.  Kokesh now appeals from that amended final judgment.

## II

Because Kokesh proceeds pro se in this appeal, we liberally construe his filings.  Walters v. Wal-Mart Stores, Inc., 703 F.3d 1167, 1173 (10th Cir. 2013).  But we do not "assume the role of advocate and make his arguments for him."  Id.

(quotation omitted). Moreover, our liberal construction does not extend to filings in the earlier proceedings because he was previously represented by counsel. Celli v. Shoell, 40 F.3d 324, 327 (10th Cir. 1994).

## A

Kokesh argues that § 2462 is jurisdictional and precludes this action in its entirety. We declined to address this issue in Kokesh I. 834 F.3d at 1167. We do the same in this appeal.

Whether § 2462 is jurisdictional matters only if all of the SEC's claims first accrued before October 27, 2004, the undisputed date on which the five-year limitations period began to run. If any of the SEC's claims are timely, then § 2462 would not bar the action in its entirety, even if it were jurisdictional. Kokesh's jurisdictional argument thus rests upon his argument that Kokesh II erred in holding that some of the SEC's claims are timely.

Kokesh II held that each act of misappropriation should be considered separately and that the SEC has five years to bring a claim as to a particular act. 884 F.3d at 984-85. Because we held that not all of the SEC's claims were time-barred, we directed the district court to enter judgment for the SEC on the timely claims. Id. at 985.

Kokesh II is the law of the case. "The law of the case doctrine provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Dobbs v. Anthem Blue Cross & Blue Shield, 600 F.3d 1275, 1279 (10th Cir. 2010) (quotation omitted). "[T]he

4

decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." Id. at 1280 (quotation omitted). There are three "exceptionally narrow circumstances" in which we depart from the law of the case: "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice." United States v. Alvarez, 142 F.3d 1243, 1247 (10th Cir. 1998).

The first two exceptions do not apply in this case. To the extent that Kokesh argues Kokesh II was "clearly erroneous and would work a manifest injustice," he faces a "formidable task." Id. He has not given us any reason to believe the exception applies. During the remand proceedings, rather than challenging Kokesh II by contesting timeliness or the SEC's calculations, Kokesh conceded the district court should enter the disgorgement order and instead focused on the SEC's new request for prejudgment interest.

Because Kokesh's arguments about the accrual of the SEC's claims are barred by the law of the case, any decision as to whether § 2462 is jurisdictional would be advisory.

**B**

Kokesh also argues the district court erred by excluding evidence of attorneys' and accountants' participation in the transactions held to be illegal. He raised this argument in Kokesh I, but we held the argument waived due to inadequate briefing

5

and affirmed the exclusion of the evidence. 834 F.3d at 1167-68. Because Kokesh failed to challenge that portion of Kokesh I before the Supreme Court, he has abandoned the issue. We decline to resurrect it on appeal. See Mason v. Okla. Tpk. Auth., 182 F.3d 1212, 1214 (10th Cir. 1999) (explaining that issues properly before the court are limited by the scope of the party's prior appeal, and that issues waived earlier in a proceeding may not be revived on remand); Martinez v. Roscoe, 100 F.3d 121, 123 (10th Cir. 1996) ("[A] legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." (quotation omitted)).

### C

In his reply brief, Kokesh also challenges the permanent injunction and the civil penalty order. But arguments raised for the first time in a reply brief are waived. See CEEG (Shanghai) Solar Sci. & Tech. Co. v. LUMOS LLC, 829 F.3d 1201, 1208 (10th Cir. 2016). Moreover, Kokesh has not previously challenged the civil penalty, and he did not appeal the portion of Kokesh I regarding the injunction to the Supreme Court.

### III

Kokesh did not raise on appeal the objections he made before the district court on remand from Kokesh II, thereby abandoning those contentions. See Bronson v. Swensen, 500 F.3d 1099, 1104 (10th Cir. 2007). Having addressed in Kokesh II and

6

the unappealed portion of <u>Kokesh I</u> the arguments that Kokesh did make in his opening brief, we decline to entertain them again.  The decision of the district court is **AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge